THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES SMOLK, Defendant-Appellant.

First District (2nd Division)   No. 61571

Opinion filed July 6, 1976.

Julius Lucius Echeles and Frederick F. Cohn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This appeal questions the sufficiency of the proof in a probation revocation proceeding. After plea negotiations defendant pleaded guilty on March 26, 1973, to three charges of theft. He was placed on probation, pursuant to the negotiated terms, for a period of five years with the condition that he make restitution in an amount of almost $24,000. He was to pay $200 per month for the first six months commencing April 1, 1973, and at least $400 per month thereafter until the entire amount was paid. In June of 1973, defendant was found to be in arrears. The matter was continued to August of 1973 at which time defendant had become current. In February of 1974, the probation department filed a recommendation for violation of probation because defendant was again in arrears. This matter was continued eight times thereafter. All but two of these continuances were at the request of defendant. Although the reasons for these continuances are not part of the record, the court and counsel later alluded to defendant's difficulties with obtaining and keeping a lawyer.

A hearing was finally had on July 18, 1974, and a rule to show cause why defendant's probation should not be revoked was entered at that time. The State's evidence consisted merely of a probation officer testifying that

no payments had been made since October 10, 1973, and that there was a balance owing of slightly in excess of $20,000. The State rested.

Defendant made a motion to strike the rule to show cause on the ground that the State had made no showing that the withholding of the payments had been wilful under section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(d)). Defendant also cited *People v. Boucher* (1974), 57 Ill. 2d 225, 311 N.E.2d 679. The trial court denied the motion and commented that the State's evidence had shown that the payments had not been made and that no excuse had been given. The trial court further commented, "The burden is now upon the defendant if he wishes me to understand that in fact there are reasons other than his wilful noncompliance, I think the burden is now his."

Defendant testified that he had been unemployed since October 1973 because he could not work and had passed out on the job. He said he was being treated by physicians. When asked for what he was treated, he said at certain periods he was just "ready to pass out." He stated his only source of income is Public Aid with Federal Disability. He produced green cards bearing his and his wife's names labeled "State of Illinois Department of Public Aid Identification Card."

The trial court stated that the matter had been continued a great number of times and that this was the first time that defendant had suggested that he was on welfare and that he was unable to work for health reasons. The trial court ordered that defendant bring in the doctor and defendant's wife on July 31 to testify that defendant was ill, unemployed and unable, rather than unwilling, to make restitution.

On July 31, no doctor or witnesses appeared either on defendant's behalf or for the State. Defendant's attorney asked for a continuance saying that there was a misunderstanding between him and the State's Attorney as to bringing in the doctor. The motion for a continuance was denied. The defendant testified that both his wife and mother were ill and unable to appear.

The trial court revoked defendant's probation and found that his failure to make restitution was wilful and intentional. Defendant was sentenced to a term of two to three years.

The State contends that the termination of probation is within the sound discretion of the trial judge and unless it is abused it will not be overturned. The sufficiency of the evidence and credibility of the witnesses are for the trial judge sitting as trier of the facts.

The Unified Code of Corrections, section 5—6—4 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4) sets forth the procedure for a violation of probation hearing:

"(b) The court shall conduct a hearing of the alleged violation.
* * *

(c) The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence. The evidence shall be presented in open court with the right of confrontation, cross-examination, and representation by counsel.

(d) Probation * * * shall not be revoked for failure to comply with conditions of a sentence which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay."

The Supreme Court in *Boucher* examined the question of wilfulness. There, the defendant was placed on probation after a negotiated plea of guilty and defendant stated in open court that he would pay $200 a month for 14 months. The court questioned defendant's ability to pay because he was unemployed, but defendant's counsel assured the court that payment would be made. Four months later it was established that he had made only one payment. Defendant on the hearing to revoke probation said he was unable to secure employment and that his only income was from welfare and unemployment compensation. These funds were meager and used to support his three children and his wife who was in an institution. The trial court revoked probation saying that defendant had freely entered into the agreement in order to receive probation and acknowledged his ability to pay under the same circumstances that he now says preclude payment. The Supreme Court vacated and remanded the matter with the comment that the trial court made no finding that defendant's failure to pay was wilful and the record was insufficient to determine the character of the defendant's noncompliance with the restitutional condition of probation. The Supreme Court further noted that during oral arguments defendant's counsel represented that the defendant is presently employed and is desirous of making reasonable restitution.

Several months after the opinion in *Boucher*, the Supreme Court had occasion again to consider the meaning of wilfulness in the case of *People v. Harder* (1975), 59 Ill. 2d 563, 332 N.E.2d 470. The defendant there also entered a negotiated plea pursuant to the terms of which she received probation with an order to make restitution in the amount of $6500. No evidence was heard, but the State's Attorney made a statement that defendant was delinquent in her payments. Defendant testified that her husband was injured and unable to work. She was now the sole support of the family and additionally had medical expenses which resulted in her inability to pay. The Supreme Court stated the trial court made no finding of wilful failure and that nothing in the record would have supported such a finding. It commented that in *Boucher* the record was insufficient, but that in the present case the noncompliance by the defendant was caused by circumstances which had arisen subsequent to the entry of the order

and which had not existed when the defendant agreed to make restitution. The Supreme Court at page 567 stated, "The State showed only the fact of nonpayment and did not contest the defendant's explanation or her statement that she was in the process of procuring a loan to pay the arrearage. We therefore consider the court erred in revoking the defendant's probation for failure to make the restitution payments."

In the case at bar the State only showed that defendant did not make payment. As in *Harder*, it did not contest defendant's explanation. It is incumbent upon the State, pursuant to the Code, to prove by a preponderance of the evidence that defendant wilfuly violated his probation by failing to make restitution. We find the State proved only that defendant did not make restitution. In our opinion the evidence failed to prove wilfulness. Accordingly, for the reasons stated, the judgment is reversed.

Reversed.

STAMOS, P. J., and DOWNING, J., concur.