THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AUDIE RON YACKLE, Defendant-Appellant.

Fifth District   No. 75-207

Opinion filed October 22, 1976.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, and Dan McCleave, law student, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

On October 11, 1973, defendant, Ron Yackle, entered a negotiated plea of guilty to unlawful possession and delivery of less than 30 grams of cocaine, a controlled substance. Pursuant to the negotiations the court imposed a sentence of five years' probation and a fine of $4,500. Subsequently, defendant's probation was revoked in a negotiated disposition and pursuant thereto the court imposed a single sentence of three to 12 years in the penitentiary, with credit for the 18 months he had served on probation and excused any further payment of the $4,500 fine. On appeal the only issue defendant presents is whether the judgment of conviction for the lesser included offense of possession of a controlled substance must be vacated because defendant stands convicted of delivery of the same substance.

In answer, the People, noting that defendant was paroled on October

29, 1975, make two arguments: (1) that the appeal is moot; (2) that this court lacks jurisdiction to grant the relief requested by defendant. We first consider the People's second contention.

An appeal from an order revoking probation does not permit review of claims of error arising from the original judgment of conviction from which no timely appeal has been taken. (*People v. Floyd,* 14 Ill. App. 3d 1009, 303 N.E.2d 826; *People v. Haak,* 26 Ill. App. 3d 1031, 325 N.E.2d 423; *People v. Nordstrom,* 73 Ill. App. 2d 168, 219 N.E.2d 151, *aff'd,* 37 Ill. 2d 270, 226 N.E.2d 19.) In the instant case defendant filed a petition for late notice of appeal from the underlying plea of guilty and sentence of probation and a fine. This court denied the petition on July 9, 1974. Accordingly, the question of whether the conviction for the lesser offense of possession of a controlled substance should be vacated is not before us.

Even if it were, we would be inclined to deem the question moot for the reasons given in *People v. North,* 3 Ill. App. 3d 428, 278 N.E.2d 401. Since the scope of review on appeal from revocation of probation is restricted to issues arising from the revocation proceedings, the maximum relief here would be the vacation of the order of revocation and sentence and the consequent return of defendant to probationary status. Because, however, defendant has been released on parole from the sentence imposed on the revocation, he could thus obtain no effective relief.

The appeal is dismissed for want of jurisdiction to consider the question presented.

Appeal dismissed.

G. J. MORAN and CARTER, JJ., concur.