THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HALTERMAN, Defendant-Appellant.

Fourth District    No. 13701

Opinion filed February 10, 1977.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

On February 27, 1975, the defendant, William Halterman, pleaded guilty to the offense of deceptive practices, a violation of section 17—1(a) of our Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 17—1(a)), and was sentenced to 2 years probation. On November 28, 1975, a probation revocation petition was filed alleging that the defendant committed the offense of theft in violation of section 16—3(b) of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 16—3(b)). On March 8, 1976, a probation revocation hearing was held at which time defendant's probation was revoked. Defendant was sentenced to the Department of Corrections for a term of 364 days without credit for time already served on probation. Defendant appeals from this revocation order and the sentence imposed thereon.

On November 6, 1975, the defendant rented a 1975 Ford Torino from Hertz Rent-a-Car at the Macon County Airport. The defendant told the rental clerk that he would return the car the next day; however, it was not returned on the 7th or 8th of November. On November 9, 1975, three attempts to locate the defendant were made, by phone and at his residence, but these were unsuccessful. On November 16, 1975, the Hertz manager learned that the defendant was in jail so the manager unsuccessfully attempted to phone him there.

Detective Joe Sallee of the Decatur Police Department testified that he interviewed the defendant on November 19, 1975, at the Macon County jail where he was being held on an unrelated charge. The defendant told Sallee that he had rented a Hertz car on November 6, 1975, and had parked it behind the bus depot beside a light pole. The car would not start, so he said he called Hertz and told them to recover the car. Sallee asked the defendant where the car's keys were located, and defendant

told him they were in Room 232 at the YMCA. The defendant, however, was not registered at the YMCA and there was no Room 232 at the YMCA that was open to overnight guests.

Sallee went to the bus depot, but was unable to locate the car. He learned that it had been towed from an area near the depot to a service station on November 17, 1975. Thereafter, the car was found and the police notified the Hertz manager, who regained possession of the car on November 20, 1975.

The defendant testified that he rented a Hertz car on November 6, 1975, and had parked it at the bus depot. On November 7, he went to the car and discovered that it would not start, so he called Hertz and spoke with a girl there, telling her the problem and informing her of the car's location. He then returned to the car and tried to start it, but he was again unsuccessful so he asked a friend to call Hertz to be sure they received his message. The next day he went back to the car and found it where he left it. He did not try to start it and he did not call Hertz again.

The defendant also admitted that he told Sallee that the car keys were in Room 232 at the YMCA. He testified that he lived at the YMCA for about two weeks in a room with a truck driver named Bill Thomas in whose name the room was registered. On cross-examination, the State's Attorney told the defendant that "the second floor of the Y is all club rooms," and defendant explained, "I meant 332."

■■ In a proceeding to revoke probation, the State must prove the allegations of the revocation petition by a preponderance of the evidence. (*People v. Meyer* (1976), 43 Ill. App. 3d 109, 356 N.E.2d 1303; Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(c).) On appeal, the reviewing court should reverse only if the finding of the trial court is contrary to the manifest weight of the evidence. *Meyer.*

The instant defendant allegedly violated the terms of his probation by committing an offense included in the category known as theft. The defendant's offense is defined as follows:

> "A person commits theft when after renting or leasing a motor vehicle under an agreement in writing which provides for the return of the vehicle to a particular place at a particular time, he fails to return the vehicle to that place within the time specified, and is thereafter served with a written demand, or upon whom oral demand is thereafter personally made, to return such vehicle within 72 hours from the time of the service or personal communication of such demand, and who wilfully fails to return the vehicle to any place of business of the lessor within such period." (Ill. Rev. Stat. 1975, ch. 38, par. 16—3(b).)

This statute sets forth four elements of the offense: (1) a written agreement with specific terms concerning the time and place of return;

(2) failure to comply with those terms; (3) an oral or written demand to return the car within 72 hours of the demand; and (4) failure to comply with the demand within 72 hours.

We find that the State has failed to sustain its burden of proving the four elements by a preponderance of the evidence. In regard to the first two elements, we note that the contract was not introduced into evidence and its terms were not proved by oral testimony. It is therefore impossible for us to say that those terms were violated. In regard to the third and fourth elements, the record does not disclose that Hertz made an oral or written demand on the defendant to return the car. Rather, the State's only evidence on this issue concerned a Decatur police detective's interrogation of the defendant at the county jail on November 19, 1975. During that interrogation, the defendant was advised that the car was missing, however, the record discloses no evidence showing that defendant failed to do everything within his power to comply with the demand to return the car at that time, if any such demand was actually made. Specifically, the defendant told the detective that the car could be found at the bus depot where he left it prior to being incarcerated. While the car had been towed from the depot on November 17, 1975, the defendant had no knowledge of this fact.

■■ The State has presented us with only one reason to support its argument seeking affirmance of the trial court's judgment. That reason is that the instant appeal is moot because the defendant has served his entire sentence. The State's contention, however, is clearly erroneous because disabilities and adverse collateral consequences automatically flow from entry of the court's judgment which foreclose an allegation of mootness even though the defendant has served his sentence. (*Carafas v. LaVallee* (1968), 391 U.S. 234, 20 L. Ed. 2d 554, 88 S. Ct. 1556; *Sibron v. New York* (1967), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889.) Here, the fact that the defendant has had his probation revoked might be submitted to another judge for his consideration in sentencing the defendant if he has the misfortune of again being convicted of some crime. Accordingly, we hold that the instant case is not moot.

For the reasons stated above, we reverse the order of the circuit court revoking defendant's probation and sentencing him to 364 days imprisonment without credit for the time served on probation.

Reversed.

CRAVEN, P. J., and TRAPP, J., concur.