THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORENZO WALKER, Defendant-Appellant.

Second District   No. 76-448

Opinion filed October 14, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a bench trial the defendant was found guilty of violation of bail bond (Ill. Rev. Stat. 1975, ch. 38, par. 32—10) and sentenced to 1-3 years in the penitentiary. The sole issue is whether the evidence shows beyond a

reasonable doubt that the defendant wilfully violated the conditions of his bail bond. We agree with the conclusion of the trial court that the defendant did wilfully violate the terms of his bail bond and accordingly affirm.

In July of 1973 the defendant was convicted of grand theft and placed on probation for three years with the first four months to be served in the county jail under a work release program. He never reported to the jail under this sentence. On March 31, 1975, a petition to revoke probation was filed for his failure to surrender himself to the county jail for the work release program. The defendant was arrested and on April 30, 1975, he was again released on bond and the case was set for May 8. The defendant appeared on that date and the case was continued to May 14. Defendant did not appear on May 14 and the case was continued to May 22. Defendant again did not appear on that date and a bench warrant was issued and on March 1, 1976, the defendant was arrested again.

The defendant testified on his own behalf. He gave no excuse for his failure to surrender under the work release program in 1973. He testified he did not appear on May 14 because "he had something to do," but that he was in court on May 22 and didn't hear his case called. He stated that he then went to the clerk's office and was told he would receive a notice in the mail. He further testified that he then went to the public defender's office and left a note. When he did receive the notice of bail bond forfeiture he contends that he went to the sheriff's office but was told that the sheriff did not have a warrant, so he went home. He did not contact the public defender's office about the forfeiture notice.

Considering the failure of the defendant to surrender under the work release sentence in 1973, his admitted failure to appear on May 14 because "he had something to do" and his apparent failure to appear on May 22, 1975, we find that the trial court was fully justified both in finding the defendant guilty of violating the conditions of his bail bond and in not believing the tenuous explanations for his failure to appear twice during May 1975 or to surrender himself after his bond was forfeited. The proof plainly discloses that the State proved beyond a reasonable doubt that the defendant wilfully violated the conditions of his bail bond.

We do not find that the two cases cited by defendant are in point here. In *People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470, the court held that the unsworn statement of the probation officer was not sufficient evidence to sustain a violation of probation for failure to report. In *People v. Smolk* (1976), 40 Ill. App. 3d 281, 352 N.E.2d 269, the court held that defendant's failure to make restitution without proof that such failure was wilful would not sustain a finding of violation of probation. The facts in the case before us clearly support the trial court's finding that the various failures by defendant to appear in court were wilful, notwithstanding

defendant's explanations. The credibility of the defendant's testimony was for the determination of the trial court, with whom we agree.

Affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.