# Illinois Official Reports

## Appellate Court

---

### *People v. Dawson*, 2020 IL App (4th) 170872

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALEHA M. DAWSON, Defendant-Appellant. |
| District & No. | Fourth District<br>No. 4-17-0872 |
| Filed | April 23, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 17-CF-617; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | James E. Chadd, John M. McCarthy, and Martin J. Ryan, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE CAVANAGH delivered the judgment of the court, with opinion.<br>Justices DeArmond and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1      The circuit court of Champaign County revoked the probation of defendant, Caleha M. Dawson, and resentenced her to two years' imprisonment for aggravated battery (720 ILCS 5/12-3.05(d)(3) (West 2016)). Defendant appeals. The Office of the State Appellate Defender (appellate counsel) has moved to withdraw from representing defendant because it can think of no reasonable argument to make in support of her appeal. See *Anders v. California*, 386 U.S. 738 (1967); *People v. Jones*, 38 Ill. 2d 384 (1967). We notified defendant of her right to file a response to appellate counsel's motion. She has not done so. It is no wonder because, having fully served her sentence, she now lacks a personal stake in the probation revocation. Therefore, we grant appellate counsel's motion to withdraw, and we dismiss this appeal as moot.

## I. BACKGROUND

¶ 2

¶ 3      On June 27, 2017, defendant entered a negotiated guilty plea to aggravated battery (720 ILCS 5/12-3.05(d)(3) (West 2016)). Pursuant to the plea agreement, the circuit court sentenced her to probation for 30 months.

¶ 4      On July 31, 2017, the State petitioned to revoke defendant's probation. The petition alleged that one of the conditions of defendant's probation had been that she commit no further crimes and that she had violated that condition by committing the Class A misdemeanor of battery (*id.* § 12-3).

¶ 5      On August 11, 2017, defendant appeared with her appointed defense counsel and admitted the petition to revoke her probation.

¶ 6      On November 20, 2017, the circuit court resentenced defendant to two years' imprisonment, with credit for 85 days in presentence custody, and one year of mandatory supervised release. Defendant's name is not in the inmate database of the Illinois Department of Corrections (Department). See *Illinois Department of Corrections-Inmate Search*, Ill. Dep't of Corrs., http://www.idoc.state.il.us/subsections/search/isdefault2.asp (last visited Apr. 21, 2020).

## II. ANALYSIS

¶ 7

¶ 8      Appellate counsel recognizes that, since defendant has served her sentence, a challenge to the severity of the sentence would be moot. See *People v. Murrell*, 60 Ill. 2d 287, 294 (1975). An issue in an appeal is moot if "the occurrence of events since filing of the appeal makes it impossible for the reviewing court to render effectual relief." *People v. Jackson*, 199 Ill. 2d 286, 294 (2002). It would be impossible to grant effectual relief from a sentence that the defendant already has served. It appears from the Department's official website that defendant is no longer in the Department's custody. See *People v. Peacock*, 2019 IL App (1st) 170308, ¶ 4 n.1 (holding that the appellate court "may take judicial notice of information appearing on the [Department's] website"). Her sentence is completely discharged. Her reincarceration is over and done with and cannot be undone. Thus, there would be no practical use in arguing that the two-year prison term she received in the resentencing was too harsh. Such an argument would be moot (see *In re Shelby R.*, 2013 IL 114994, ¶ 15), and we should, even on our own initiative, dismiss moot appeals (see *Hernandez v. Morris*, 39 Ill. App. 3d 783, 784 (1976)).

¶ 9 Rather, dismissal is the general rule. There are exceptions to the mootness doctrine, including the collateral consequences exception. *In re Alfred H.H.*, 233 Ill. 2d 345, 361 (2009). This exception "allows for appellate review, even though a court order or incarceration has ceased, because a plaintiff has suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (Internal quotation marks omitted.) *Id.* "[S]ubsistence of the suit requires *** that continuing collateral consequences *** be either proved or presumed." (Internal quotation marks omitted.) *Id.*

¶ 10 It would be easy to prove or presume collateral consequences from a felony conviction. Felons lose the right to possess firearms (720 ILCS 5/24-1.1(a) (West 2018)), for example, and to take the oath of office for a municipal position (65 ILCS 5/3.1-10-5(b) (West 2018)). A felony conviction probably will continue to inflict actual harm upon a defendant after the defendant has fully served the sentence. See *People v. Jones*, 215 Ill. 2d 261, 267 (2005). For that reason, the collateral consequences exception to mootness allows the defendant, as an appellant, to continue challenging the judgment in the felony case even though effectual relief from the fully served sentence would be impossible. See *id.*

¶ 11 Does the same logic apply to a revocation of probation if the defendant has fully served the new or revised sentence? According to the Fourth District in *People v. Halterman*, 45 Ill. App. 3d 605, 608 (1977), the answer is yes. In that case, the defendant pleaded guilty to deceptive practices, and the circuit court sentenced him to two years of probation. *Id.* at 606. Afterward, the court revoked the probation on the ground that the defendant had committed a new offense of theft, and the court resentenced him to imprisonment for 364 days. *Id.* The defendant appealed the revocation order and the new sentence. *Id.* During the pendency of the appeal, "the defendant *** served his entire sentence." *Id.* at 608. The State argued that, consequently, the appeal was now moot. *Id.* The Fourth District—which found the theft to be unproven— disagreed. The Fourth District reasoned as follows:

> "The State's contention [of mootness] *** is clearly erroneous because disabilities and adverse collateral consequences automatically flow from entry of the court's judgment which foreclose an allegation of mootness even though the defendant has served his sentence. [Citations.] Here, the fact that the defendant has had his probation revoked might be submitted to another judge for his consideration in sentencing the defendant if he has the misfortune of again being convicted of some crime. Accordingly, we hold that the instant case is not moot." *Id.*

¶ 12 The Second District has followed *Halterman* and its precursor, a case from the First District, *In re Sturdivant*, 44 Ill. App. 3d 410, 412 (1976) (disagreeing that the appeal was moot, for even though the respondent had completed his sentence, "the instant improper probation revocation" could have an adverse effect on the respondent "at any future sentencing hearing in a case involving this [respondent] should this appeal be dismissed"). *People v. Monick*, 51 Ill. App. 3d 783, 785 (1977).

¶ 13 The Fifth District, on the other hand, has held that the release of the defendant from prison renders moot any controversy over the revocation of probation. *People v. Yackle*, 42 Ill. App. 3d 695, 696 (1976). Once a defendant "has been released on parole from the sentence imposed on the revocation [of probation]," the defendant can "obtain no effective relief" from the revocation ruling. *Id.* "[T]he maximum relief here would [have] be[en] the vacation of the order of revocation and sentence and the consequent return of defendant to probationary status." *Id.* Such relief was meaningless after the defendant's release on parole. Thus, in

reliance on a pre-*Monick* case from the Second District, *People v. North*, 3 Ill. App. 3d 428 (1972), the Fifth District was "inclined to deem the question moot." *Yackle*, 42 Ill. App. 3d at 696.

¶ 14   So, on the one hand we have *Halterman*, *Sturdivant*, and *Monick*, and on the other hand we have *Yackle* and *North*. Which set of cases is correct? A decision by the United States Supreme Court, *Spencer v. Kemna*, 523 U.S. 1 (1998), on which our supreme court relied in *Alfred H.H.*, 233 Ill. 2d at 361, tends to vindicate *Yackle* and *North*.

¶ 15   *Spencer* was a *habeas corpus* action in which Randy G. Spencer sought to invalidate an order revoking his parole. *Spencer*, 523 U.S. at 3. He sought this relief even though he had completed the entire term of imprisonment underlying the parole revocation. *Id.* The question for the Supreme Court was whether Spencer's completion of his prison sentence had made his case moot. *Id.*

¶ 16   Spencer disputed that his case was moot. *Id.* at 14. Even though he had fully served his prison sentence, the parole revocation, he argued, continued to inflict harm upon him: the parole revocation was a demerit that later might be used against him. See *id.* at 15. If he ever were convicted of another crime, the sentencing judge could take the parole revocation as evidence of his lack of rehabilitative potential and, accordingly, give him a more severe sentence than he otherwise might have received. See *id.* at 15-16.

¶ 17   That hypothetical possibility, the Supreme Court held, was not a concrete injury-in-fact, for such an adverse use of the parole revocation depended on Spencer's breaking the law again, getting caught, and being convicted. *Id.* Spencer was able—and was legally obligated—to prevent that hypothetical possibility from coming to pass. See *id.* Indeed, the assumption and expectation were that, from now on, Spencer would respect the law and thereby avoid further prosecution and conviction. See *id.*

¶ 18   Likewise, it should have been taken for granted in *Halterman* that there would be no future occasion for a judge to frown on the defendant's parole revocation. It was untrue that "disabilities and adverse collateral consequences" would "*automatically* flow from" the revocation of his parole. (Emphasis added.) *Halterman*, 45 Ill. App. 3d at 608. Instead, as the appellate court more accurately stated in the next sentence of *Halterman*, "the fact that the defendant has had his probation revoked *might* be submitted to another judge for his consideration in sentencing the defendant *if* he has the misfortune of again being convicted of some crime." (Emphases added.) *Id.* Avoiding that misfortune was within the defendant's power, and instead of entertaining the possibility that he would reoffend, the appellate court should have assumed and expected that he would *not* reoffend. See *Spencer*, 523 U.S. at 15.

¶ 19   We assume and expect the same of defendant in the present case. We take it as a given that she will never again find herself in a sentencing hearing. Thus, she lacks a personal stake in the question of the probation revocation, and this appeal is moot. See *People v. Roberson*, 212 Ill. 2d 430, 435 (2004).

¶ 20   "[The supreme] court has recognized an exception to the mootness doctrine when the question involved is of a public nature, the circumstances are likely to recur, and an authoritative determination for the future guidance of public officers is desirable." *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999). This appeal presents no question of a public nature. Absent a clearly applicable exception to the doctrine of mootness, a moot appeal must be dismissed. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129,

¶ 21.

¶ 21                                III. CONCLUSION

¶ 22      Because this appeal is moot, we grant appellate counsel's motion to withdraw, and we dismiss this appeal.

¶ 23      Appeal dismissed.