2022 IL App (1st) 211546-U

No. 1-21-1546

Order filed November 23, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 18064 |
| | ) | |
| MUSTAFA MUSAWWIR, | ) | Honorable |
| | ) | Anjana M.J. Hansen, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss this appeal challenging the revocation of defendant's probation as moot as defendant has completed his sentence and no exceptions to the mootness doctrine apply. We correct the mittimus to reflect that defendant was convicted of misdemeanor, rather than felony, criminal damage to property.

¶ 2   Defendant, Mustafa Musawwir, pled guilty to misdemeanor criminal damage to property. The trial court sentenced him to one year of probation and ordered him to pay $5,666.55 in restitution to the victim, AT&T. He did not pay restitution, so the trial court revoked his probation

and resentenced him to 60 days in jail, time considered served. On appeal, defendant contends that (1) the petition to revoke his probation was defective because it did not allege that his failure to pay restitution was willful, (2) the trial court should not have revoked his probation because the evidence did not establish that his failure to pay was willful, (3) the trial court did not admonish him of his right to testify at the revocation hearing and refused to allow him to testify, in violation of his right to due process, and (4) the trial court's resentencing order mistakenly reflects a conviction for felony criminal damage to property rather than the misdemeanor to which he pled guilty. The State maintains that this appeal is moot and should be dismissed. We agree as defendant has completed his sentence and no exceptions to the mootness doctrine apply. We dismiss this appeal as moot, but we order the clerk of the circuit court to correct the mittimus to reflect that defendant was convicted of misdemeanor criminal damage to property, not a felony.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with one count of Class 4 felony criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2016)), which alleged that he knowingly and without consent damaged the windows of an AT&T store in Lincolnwood on December 22, 2017, and that the damage to the windows was between $500 and $10,000. On March 4, 2020, defendant pled guilty to misdemeanor criminal damage to property as part of a negotiated plea agreement.[1] The trial court sentenced him to one year of misdemeanor probation and ordered him to pay $5,666.55 in restitution by the end of the term of probation.

---

[1] Criminal damage to property is a Class A misdemeanor when the damage to property does not exceed $500. 720 ILCS 5/21-1(d)(1)(B) (West 2016). It is a Class 4 felony when the damage to property exceeds $500 but not $10,000. 720 ILCS 5/21-1(d)(1)(F) (West 2016).

¶ 5 On January 26, 2021, approximately one month before the end of defendant's probation term, his probation officer filed a petition for violation of probation, alleging that defendant had not paid any amount of restitution. At a hearing that day, defendant stated that "it might be a while" before he could pay restitution. On April 30, 2021, defendant's probation officer informed the court that the term of probation had elapsed without him paying any restitution. Defendant stated that he was not working and had no income, but that he wanted to pay restitution and that "it might be a while." On June 17, 2021, defense counsel stated that defendant was "indigent" and "has no income," and that she was "not sure how he is surviving, but it's really not a refusal to pay. It's simply an inability."

¶ 6 The court took defendant into custody in early July 2021 "based on all the representations" that he had not paid restitution. On July 14, 2021, the court held a revocation hearing. The court admonished defendant that (1) misdemeanor criminal damage to property carries up to a 364-day sentence in jail, (2) his probation officer alleged that he failed to pay restitution that was a condition of his probation, (3) he had a right to a hearing on the violation of probation and the State had to prove the violation by a preponderance of the evidence, and (4) he had the right to confront and cross-examine witnesses. Defendant stated that he understood these admonishments. The only witness at the revocation hearing was Karri Garrity, who testified that she was employed by the Adult Probation Department. Defendant, whom she identified in court, was sentenced to one year of misdemeanor probation on the condition that he pay $5,666.55 in restitution. Defendant paid no restitution, which constituted a violation of his probation.

¶ 7 The court found a violation and revoked defendant's probation. The court resentenced defendant to 60 days in jail, time considered served, because defendant had "spent two months in

custody on this case prior to the original sentence of probation."[2] The written resentencing order indicates that the court sentenced defendant based on Class 4 felony criminal damage to property.

¶ 8    Defendant filed a *pro se* notice of appeal that was not perfected, which his counsel discovered and informed the court of on August 4, 2021. With the court's leave, defense counsel filed a motion for a new revocation hearing because defendant had decided that he wanted to testify. On November 23, 2021, the court denied defendant's motion, explaining that defendant was present at the revocation hearing and only indicated that he wanted to testify after the court revoked his probation. Defendant timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant challenges the revocation of his probation. He argues that (1) the petition for violation was defective because it did not allege that his failure to pay restitution was willful, (2) the trial court should not have revoked his probation because the evidence did not establish that his failure to pay restitution was willful, (3) the trial court violated his right to due process by failing to admonish him of his right to testify at the revocation hearing and by refusing to allow him to testify, and (4) the trial court's resentencing order mistakenly reflects a conviction for felony criminal damage to property when he pled guilty to the misdemeanor version of that offense. Defendant requests that we either vacate or reverse the trial court's revocation of his probation and correct the mittimus to reflect that he was convicted of misdemeanor, rather than felony, criminal damage to property. The State contends that we should dismiss this appeal as moot because defendant has completed his 60-day sentence but agrees with defendant that we should

_____

[2] From the docket report included in the record on appeal, it appears that defendant was in custody on this case from December 23, 2017, to November 15, 2018, when he was released on bond. He was also in custody for approximately a week prior to the revocation hearing.

correct the mittimus to reflect that he pled guilty to misdemeanor criminal damage to property, not the felony version of that offense. Defendant acknowledges that his sentence is complete, but argues that the collateral consequences, public interest, and repetition exceptions to the mootness doctrine apply.

¶ 11                                    A. Mootness

¶ 12    Illinois appellate courts generally do not review moot issues. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 9. "A case becomes moot when the issues involved in the trial court have ceased to exist because intervening events have made it impossible for the reviewing court to render effectual relief to the complaining party." *People v. Ousley*, 235 Ill. 2d 299, 305 (2009). Generally, when a defendant has served his sentence, a challenge to the severity of that sentence is moot. *People v. Dawson*, 2020 IL App (4th) 170872, ¶ 8 (citing *People v. Murrell*, 60 Ill. 2d 287, 294 (1975)). The parties agree that defendant has served his entire 60-day sentence and has been released from jail.[3]

¶ 13    This case falls into a conflicted area of the mootness doctrine. On the one hand, defendant's 60-day sentence is complete, but he does not challenge the severity of that sentence. Rather, he contends that the trial court should not have revoked his probation at all. Because defendant challenges the revocation of his probation, not the severity of his sentence, it seems that this appeal is not moot. On the other hand, it is impossible for us to grant defendant effectual relief. We cannot undo the time that defendant spent in jail. The only relief we could grant defendant would be to

---

[3] The Cook County Sheriff's website (https://iic.ccsheriff.org/InmateLocator/SearchInmates (last accessed on November 21, 2022)) indicates that defendant is not in custody. We may take judicial notice of this information. *People v. Sapp*, 2022 IL App (1st) 200436, ¶ 73 n. 3 (not yet released for publication and subject to revision or withdrawal).

reverse the revocation of his probation, which would return him to probationary status. See *People v. Yackle*, 42 Ill. App. 3d 695, 696 (1976) ("Since the scope of review on appeal from revocation of probation is restricted to issues arising from the revocation proceedings, the maximum relief here would be the vacation of the order of revocation and sentence and the consequent return of defendant to probationary status."). We understand that defendant would prefer to not have a revocation of probation on his record. But, to put it simply, this case is over, and returning defendant to probation with the obligation to pay $5,666.55 in restitution cannot realistically be called effectual relief. So, in that sense, this case is moot.

¶ 14    There is a split of authority regarding mootness in the context of a challenge to the revocation of probation. In *Yackle*, the Fifth District found that a defendant's completion of his sentence moots any controversy over the revocation of probation because it is impossible for a reviewing court to grant effectual relief at that point. *Id.* However, *Yackle* stands in contrast to most of the authority of its time. In *In Interest of Sturdivant*, 44 Ill. App. 3d 410 (1976), the juvenile defendant raised a due process challenge to the trial court's use of his admission to violating probation during the revocation hearing. *Sturdivant*, 44 Ill. App. 3d at 412. The First District found that the appeal was not moot, even though the defendant had completed his sentence, because the improper revocation of his probation could have effects at future sentencing hearings that he might be involved in. *Id.* Similarly, in *People v. Monick*, 51 Ill. App. 3d 783 (1977), the defendant raised due process challenges to the revocation of his probation. *Monick*, 51 Ill. App. 3d at 785. By the time his case reached appeal, he was on parole. *Id.* The Second District found that "[a]dverse consequences which may result even if the defendant is not confined prevent mootness since he may be subject to resentencing." *Id.* The Fifth District reached the same conclusion in *People v.*

*Seymour*, 53 Ill. App. 3d 367 (1977), reasoning that "[a]lthough the term has been served, the results of probation revocation may persist. Subsequent convictions may carry greater penalties; civil rights may be affected." *Seymour*, 53 Ill. App. 3d at 370. In *People v. Halterman*, 45 Ill. App. 3d 605 (1977), the defendant challenged the revocation of his probation, but he completed his 364-day sentence during the pendency of his appeal. *Halterman*, 45 Ill. App. 3d at 608. The Fourth District found that the case was not moot, explaining that "even though the defendant has served his sentence *** the fact that the defendant has had his probation revoked might be submitted to another judge for his consideration in sentencing the defendant if he has the misfortune of again being convicted of some crime." *Id.*

¶ 15     These cases essentially applied the collateral consequences exception to situations that would otherwise be moot due to the defendants' completion of their sentences. The collateral consequences exception allows for appellate review of a moot issue if the defendant has suffered, or is threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *In re Alfred H.H.*, 233 Ill. 2d 345, 361 (2009). Aside from *Yackle*, the cases of the 1970s concluded that the collateral consequences exception applied even if a defendant had served his entire sentence because a defendant's revoked probation could be used against him at sentencing in future criminal cases.

¶ 16     The Fourth District recently revisited these cases in *Dawson*. The *Dawson* court resolved the split between *Yackle* and the other 1970s cases by analogizing to a United States Supreme Court case, *Spencer v. Kemna*, 523 U.S. 1 (1998). *Dawson*, 2020 IL App (4th) 170872, ¶¶ 14-17. In *Spencer*, a *habeas corpus* petitioner sought to invalidate an order revoking his parole even though he had completed the entire term of imprisonment underlying the parole revocation.

*Spencer*, 523 U.S. at 3. Spencer argued that his appeal was not moot because, if he were to be convicted of another crime in the future, the court could take his parole violation as an aggravating factor at sentencing. *Id.* at 15-16. The Supreme Court rejected this argument, reasoning that sentencing in a hypothetical future criminal case was not a concrete injury. *Id.* Rather, the potential adverse use of Spencer's parole revocation depended on his breaking the law again, getting caught, and being convicted. *Id.* The Court explained that Spencer was both able and obligated to prevent that possibility by following the law in the future. *Id.* Accordingly, the Court found that Spencer's appeal of his parole revocation was moot. *Id. Dawson* agreed with *Spencer*'s reasoning and took "it as a given that [the defendant] will never again find herself in a sentencing hearing. Thus, she lacks a personal stake in the question of the probation revocation, and this appeal is moot." *Dawson*, 2020 IL App (4th) 170872, ¶ 19 (citing *People v. Roberson*, 212 Ill. 2d 430, 435 (2004)).

¶ 17     We agree with the reasoning of *Dawson* and conclude that the facts of this case support a finding of mootness because the collateral consequences exception does not apply. See *Alfred H.H.*, 233 Ill. 2d at 362-63 (requiring case-by-case analysis when considering the collateral consequences exception). Defendant pled guilty to a misdemeanor property crime. He paid none of the restitution that was a condition of his probation and offered no explanation for failing to do so aside from simply stating that he could not pay. He did not contest the State's evidence at the revocation hearing. Upon revocation, defendant was sentenced to 60 days in jail, time considered served. So, even before defendant filed this appeal, he had completed the 60-day sentence that resulted from the revocation of his probation. There is no indication that defendant is facing any pending criminal charges that the revocation of probation in this case might affect. Even assuming *arguendo* that the revocation of his probation was somehow improper, all the collateral

consequences that defendant's reply brief identifies are speculative: "in a future criminal case, [defendant] *may* be denied probation; receive a longer term of incarceration that he would otherwise; or have probation terminated more hastily than otherwise, all of which *could* be based on the trial court's finding, however wrongful, that [defendant] violated probation."[4] (Emphasis added.). We assume and expect that defendant will not commit another crime. So, the only relief we could grant defendant would be speculative, not effectual.

¶ 18 We decline to follow *Sturdivant*, *Monick*, *Seymour*, and *Halterman* because their reasoning is inconsistent with later authority holding that a threatened injury must be concrete, not speculative, for the collateral consequences exception to apply. For example, *Halterman* reasoned that the defendant's appeal was not moot because "the fact that defendant has had his probation revoked *might* be submitted to another judge for his consideration in sentencing the defendant *if* he has the misfortune of again being convicted of some crime." (Emphasis added.) *Id.* But, as more recent cases have explained, what might or could happen in potential future proceedings is too speculative to bring a case within the collateral consequences exception. See, e.g., *In re Rita P.*, 2014 IL 115798, ¶ 34; *People v. Madison*, 2014 IL App (1st) 131950, ¶ 18.

¶ 19 Defendant argues that *Dawson* was "wrongly decided." Specifically, defendant contends that *Dawson* should not have relied on *Spencer* because *Spencer* addressed mootness under the case-or-controversy requirement of Article III of the United States Constitution, not Illinois law. However, *Dawson* contains a lengthy examination of Illinois authority on mootness, and it does not discuss Article III at all. *Dawson*, 2020 IL App (4th) 170872, ¶¶ 11-13. Rather, *Dawson* cites

---

[4] To be clear, we express no opinion as to whether the revocation of defendant's probation was proper. Because this appeal is moot, we do not reach that issue.

*Spencer* to illustrate the difference between a collateral consequence that is a "concrete injury-in-fact" and one that is speculative. *Id.* ¶ 17. As explained above, that difference is relevant under recent Illinois caselaw. In fact, our supreme court has favorably quoted *Spencer*'s definition of the collateral consequences exception, including the requirement " 'that continuing collateral consequences *** be either proved or presumed.' " (Internal quotation marks omitted.) *Alfred H.H.*, 233 Ill. 2d at 361 (quoting *Spencer*, 523 U.S. at 8). There is nothing improper about *Dawson*'s citation to *Spencer* and *Dawson* was not wrongly decided.

¶ 20     Defendant also contends that *Sibron v. New York*, 392 U.S. 40 (1968) "passingly recognized *** that a reviewing court will presume 'continuing collateral consequences' from a criminal conviction." *Sibron* did recognize that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron*, 392 U.S. at 57. However, this case does not involve the collateral consequences of a *conviction*; it involves the collateral consequences of revoked probation. Probation revocation proceedings are civil in nature (*People v. Lindsey*, 199 Ill. 2d 460, 467 (2002)) and do not necessarily carry the same consequences as a criminal conviction. Defendant does not challenge his conviction for criminal damage to property, which was the product of a negotiated guilty plea. *Sibron*, therefore, offers us little guidance.

¶ 21     Defendant's reliance on *In re Sciara*, 21 Ill. App. 3d 889 (1974) is misplaced as well. *Sciara* is distinguishable because it was a mental health case involving an involuntary commitment that had already expired, but that was likely to occur again due to the respondent's chronic mental health problems. *Sciara*, 21 Ill. App. 3d at 893-95. *Dawson* is more analogous because it involved revocation of probation, so we follow *Dawson* instead of *Sciara*. To the extent that involuntary

commitment cases are instructive, we follow the more recent authority of *Rita P.*, in which our supreme court explained that "[a]pplication of the collateral consequences exception cannot rest upon *** a vague, unsupported statement that collateral consequences *might* plague respondent in the future." (Emphasis added.) *Rita P.*, 2014 IL 115798, ¶ 34. Defendant's collateral consequences argument is premised entirely on what might happen in future criminal cases that do not yet exist and that may never exist. Accordingly, this appeal is moot, and the collateral consequences exception does not apply.

¶ 22    Two exceptions to the mootness doctrine remain, and defendant contends that both apply in this case. First, the public interest exception allows a reviewing court to consider a moot issue when the issue is of a public nature, there is a need for an authoritative determination for the future guidance of public officers, and the issue is likely to recur. *People v. Rizzo*, 362 Ill. App. 3d 444, 455 (2005). We cannot see how this exception applies in this case. Defendant was ordered to pay restitution to a private company, AT&T. For more than a year, defendant paid no restitution, so his probation was revoked. Defendant's relatively minor property crime against a private business raises no issue of public interest, and this is a straightforward case that does not require us to issue guidance for public officers in the future. Moreover, the facts of this case "are specific to [defendant] and do not involve anyone else; therefore, they are not of a public nature requiring guidance to be given to public officials dealing with those facts." See *In re James H.*, 405 Ill. App. 3d 897, 904 (2010). Future revocation hearings will be based on facts specific to the defendants that they involve.

¶ 23    Defendant essentially argues that this case falls within the public interest exception because of the need for new caselaw regarding the showing of willfulness that is necessary to support a

revocation of probation based on failure to pay restitution. We will not resolve the issue that defendant raises " 'merely for the sake of setting a precedent to govern potential future cases.' " *Benz v. Department of Children and Family Services*, 2015 IL App (1st) 130414, ¶ 35 (quoting *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999)). Doing so would be unnecessary anyway. As defendant's reply brief acknowledges, there is both Illinois Supreme Court and First District authority on this issue. See, e.g., *People v. Harder*, 59 Ill. 2d 563, 567-68 (1975) (the State must prove that a defendant's failure to pay restitution was willful before probation can be revoked); *People v. Smolk*, 40 Ill. App. 3d 281, 283 (1976) (same). Accordingly, we find that the public interest exception to mootness does not apply to this case.

¶ 24    The last exception to mootness applies when the issue on appeal is capable of repetition but tends to evade review. *Alfred H.H.*, 233 Ill. 2d at 358. To fall within this exception, the challenged action must be too short in duration to be fully litigated prior to its cessation and a reasonable expectation must exist that the same party will be subject to the same action again. *People v. Kelly*, 397 Ill. App. 3d 232, 249 (2009). Defendant cannot satisfy the second prong. His argument on this point is as speculative as his argument regarding the collateral consequences exception. Defendant's reply brief claims that, in the future, it "is reasonably likely that [he will] be arrested and charged with low-level offenses, and [is] likely to have difficulty earning wages to satisfy a condition of probation" such as restitution. Defendant bases this speculation on his lack of employment history and two arrests for driving under the influence during the pendency of this case, neither of which resulted in probation or restitution. There is no evidence-based reason for us to think that defendant will be subject to revocation of probation for failure to pay restitution in the future. As noted above, we assume and expect that defendant will not commit any crimes that

result in him being on probation or subject to restitution orders in the future. Accordingly, this case is moot, and no exception to mootness applies. Therefore, we dismiss this matter. See *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 293 (2005) (when appeal is moot and no exception to the mootness doctrine applies, the reviewing court must dismiss the appeal).

¶ 25                                    B. Mittimus

¶ 26    Finally, the parties agree that we should correct the mittimus to reflect that defendant was convicted of misdemeanor criminal damage to property rather than the felony version of that offense. A reviewing court may correct the mittimus at any time. *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 86. The record makes clear that defendant pled guilty in exchange for the State's promise to reduce his Class 4 felony criminal damage to property charge to a misdemeanor and to recommend probation. The court's oral pronouncement at sentencing reflects that defendant was convicted of a misdemeanor. However, when the court revoked defendant's probation and sentenced him to 60 days in jail, its written order stated that defendant was convicted of a Class 4 felony. The court's oral pronouncement controls. See *Id.* ¶ 87. Accordingly, we direct the clerk of the circuit court to correct the mittimus to reflect that defendant was convicted of misdemeanor criminal damage to property. See *People v. Gordon*, 378 Ill. App. 3d 626, 641 (2007); Ill. S. Ct. R. 615(b)(1) (eff. Jan. 1, 1967).

¶ 27                                  III. CONCLUSION

¶ 28    For the foregoing reasons, we dismiss this appeal as moot, but correct the mittimus to reflect that defendant was convicted of misdemeanor criminal damage to property.

¶ 29    Appeal dismissed; mittimus corrected.