NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250978-U

NO. 4-25-0978

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 12, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* R.P., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Sangamon County |
| Petitioner-Appellee, | ) | No. 23JA91 |
| v. | ) | |
| Heather S., | ) | Honorable |
| Respondent-Appellant). | ) | Dwayne A. Gab, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court dismissed the appeal as moot, finding the public interest exception did not apply to the trial court's denial of respondent foster parent's motion to intervene.

¶ 2    In April 2023, R.P. (born December 2022), upon the State's petition for an adjudication of neglect, was taken into protective care and placed with respondent, Heather S., as foster parent. The minor was removed from respondent's care in October 2024. In January 2025, respondent filed a motion to intervene pursuant to section 1-5(2)(c) or (d) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-5(2)(c), (d) (West 2024)). Following a hearing, the trial court denied respondent's motion. On appeal, she contends the court erred when denying her motion. The State argues the appeal is moot. We agree with the State and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4    In April 2023, the State filed a shelter care petition pursuant to section 2-3(1)(b) of

the Juvenile Court Act (705 ILCS 405/2-3(1)(b) (West 2022)), contending the minor's environment was injurious to her welfare. The petition alleged the minor had unexplained bruising to her head and face while under the care of her biological parents (who are not parties to this appeal). Following the parents' stipulation to a finding of neglect, the trial court entered an order placing the minor in the temporary custody of the Illinois Department of Children and Family Services (DCFS). The minor was placed into protective care with respondent on April 21, 2023.

¶ 5        In August 2023, the trial court entered an adjudicatory order, finding the minor neglected following the parents' subsequent stipulation. In September 2023, the court entered a dispositional order, finding the minor's parents unfit, unable, or unwilling for reasons other than financial circumstances alone to care for the minor. The court made the minor a ward of the court and granted custody and guardianship to DCFS. The parents were ordered to cooperate with directives from DCFS. The minor remained with respondent.

¶ 6        In February 2024, respondent filed a document with the trial court detailing, in chronological order, the minor's progress since coming into her care. Among the chronologized events, respondent noted R.P. had been "diagnosed with contact dermatitis by a pediatric allergist" in January 2024. The document further noted the minor reacted "negatively" to cats and the allergist recommended she avoid exposure to cats. A permanency hearing report from February 2024 showed respondent had informed the caseworker that R.P. would experience "an allergic reaction after each visit" with her biological parents. The caseworker stated the minor's pediatrician recommended she "not be exposed to cat dander."

¶ 7        On October 22, 2024, DCFS removed R.P. from respondent's care due to concerns of medical child abuse.

¶ 8        In January 2025, respondent filed a motion to intervene, seeking to become a named

party in the minor's neglect proceedings. The motion admitted she was under investigation by DCFS. A permanency review order from January 15, 2025, showed counsel for DCFS, the State, and the guardian *ad litem* objected to respondent's presence, since she was then the "[f]ormer" foster parent.

¶ 9        Following multiple days of hearings over a three-month period, the trial court found the testimony that respondent had been resistant to R.P.'s reunification with her biological parents credible. The court stated it considered the "indicated report that was also on appeal verified." The court concluded "there was a reasonable belief for removal of the minor from the home given the context of jeopardizing the health or safety of the minor." The court denied respondent's motion. The court subsequently entered a written order on August 25, 2025, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), stating there existed no just reason to delay appeal of the court's order denying respondent's motion.

¶ 10       This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12       We begin by noting this case involves a minor subject to an accelerated appeal under Illinois Supreme Court Rule 311(a) (eff. July 1, 2018). Accordingly, this court is required to issue its decision within 150 days after the filing of the notice of appeal unless there has been good cause shown. Ill. S. Ct. R. 311(a)(5) (eff. July 1, 2018). Here, the notice of appeal was filed on September 12, 2025. Thus, we were required to issue a decision by February 9, 2026. However, due to respondent's six unopposed motions for extension of time, the briefs of the parties were not submitted until March 30, 2026. This matter was not submitted to this court's docket until April 14, 2026. Therefore, we find there is good cause for issuing our decision after the 150-day deadline.

¶ 13       On appeal, respondent argues the trial court erred when it denied her motion to

intervene pursuant to section 1-5(2)(c) or (d) of the Juvenile Court Act (705 ILCS 405/1-5(2)(c), (d) (West 2024)). The State disputes respondent's contention the court erred when denying her motion. The State also argues the matter is moot because the minor has been returned to her biological parents, and thus, there is "no longer any pending juvenile case into which respondent could intervene." Additionally, the State argues the public interest exception to the mootness doctrine does not apply in this case. Respondent does not necessarily dispute the State's mootness argument; rather, she argues should this court find her arguments on appeal moot, we should consider the merits of her appeal pursuant to the public interest exception.

¶ 14        "An appeal is moot when the issues involved in the trial court no longer exist because intervening events have made it impossible for the reviewing court to grant the complaining party effectual relief." *In re Benny M.*, 2017 IL 120133, ¶ 17. In this case, during the pendency of respondent's motion to intervene, R.P. was returned to her biological parents. From the record, we can glean respondent was seeking to intervene in order to become a party so that she could obtain guardianship or custody of the minor. The State proffers the juvenile case is no longer pending. As such, this court cannot grant any effectual relief to respondent, thereby making this appeal moot. Generally, reviewing courts will not consider moot questions; however, matters of substantial public interest are an exception to the mootness doctrine. *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 50.

¶ 15        "The criteria for the public interest exception are (1) the public nature of the question, (2) the desirability of an authoritative determination for the purpose of guiding public officers, and (3) the likelihood that the question will recur." *Id.* The public interest exception is "to be construed narrowly and require[s] a clear showing of each criterion to bring the case within the terms." *In re India B.*, 202 Ill. 2d 522, 543 (2002).

- 4 -

¶ 16     Respondent argues DCFS's removal of the minor from her care, thereby punishing the minor after she reported and acted upon observed environmental sources of R.P.'s distress, meets all three criteria for the public interest exception. She also contends DCFS's conduct was antithetical to its mission of protecting children and contributed to instability and a lack of permanency for R.P. Respondent notes the skin-allergy test was ordered by a physician following reports of continued symptoms, even after the allergy blood test. She argues Illinois provides no mechanism to have appointed counsel during the administrative proceedings of DCFS. She claims DCFS outsources the "judiciary's rightful duties" and aggregates ever-growing power over persons accused of child abuse. She also argues the "physician shopping" utilized by DCFS in this case alone warrants the public interest exception.

¶ 17     The State responds by arguing the issues involved in this case are evidentiary, not statutory. As such, there is no issue of statutory interpretation worthy of the public interest exception. Additionally, the State contends respondent's broad criticisms of DCFS and its administrative proceedings are unsupported by authority and, therefore, forfeited. Finally, the State argues a finding by this court that the trial court abused its discretion when denying respondent's motion would not ameliorate any of her systemic complaints about DCFS. We agree with the State.

¶ 18     While respondent's arguments focus on DCFS and its administrative proceedings, none of her systemic complaints are at issue here. At issue was her motion to intervene pursuant to section 1-5(2)(c) or (d) of the Juvenile Court Act. Section 1-5(2)(c) states:

> "If a caregiver has had the minor who is the subject of the proceeding under
> Article II in the caregiver's home for more than one year *** and if the
> minor's placement is being terminated from that caregiver's home, that
> caregiver shall have standing and intervenor status except in those

circumstances where [DCFS] *** has removed the minor from the caregiver because of a reasonable belief that the circumstances or conditions of the minor are such that continuing in the residence or care of the caregiver would jeopardize the child's health or safety or presents an imminent risk of harm to the minor's life." 705 ILCS 405/1-5(2)(c) (West 2024).

Section 1-5(2)(d) provides "[t]he court may grant standing to any caregiver if the court finds that it is in the best interest of the child for the caregiver to have standing and intervenor status." *Id.* § 1-5(2)(d).

¶ 19 Regarding section 1-5(2)(c), there is no dispute the minor had been placed in respondent's home under her care for more than a year and her placement was terminated by DCFS. The issue was whether the minor's removal occurred due to a reasonable belief that respondent's conduct jeopardized the minor's health or safety. Alternatively, an analysis under section 1-5(2)(d) would have addressed whether it was in the minor's best interest to permit respondent to intervene. Both of these issues are fact-intensive. However, neither of these issues, narrowly construed, meet each criterion for the public interest exception. "[C]ases involving allegations of neglect and adjudication of wardship are *sui generis*, and must be decided on the basis of their unique circumstances." *In re Arthur H.*, 212 Ill. 2d 441, 463 (2004). This case was decided based on its peculiar set of facts. See *India B.* 202 Ill. 2d at 543 (finding the public interest exception did not apply where an authoritative determination was unwarranted, given case law "was decided on its own peculiar set of facts" and "not irreconcilably conflicting"). Respondent's grievances about DCFS's administrative process do not sidestep the mootness of her denied motion to intervene. Ultimately, she has failed to show the public interest exception applies. "Absent a clearly applicable exception to the doctrine of mootness, a moot appeal must be dismissed." *People*

*v. Dawson*, 2020 IL App (4th) 170872, ¶ 20 (citing *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 21).

¶ 20                                III. CONCLUSION

¶ 21        For the reasons stated, we dismiss this appeal.

¶ 22        Appeal dismissed.