688 N.E.2d 633 (1997)
179 Ill.2d 252
227 Ill.Dec. 940
Michael RICHARDSON, Appellee,
v.
The ROCK ISLAND COUNTY OFFICERS ELECTORAL BOARD et al. (Susan Carpentier et al., Appellants).
No. 82136.
Supreme Court of Illinois.
November 20, 1997.
Richard A. Cowen, Cowen, Crowley & Nord, Chicago, Thomas L. Kilbride, Rock Island, for Susan J. Carpentier.
Michael Richardson, Rock Island, for Michael Richardson, Rock Island County Officers.
Justice HEIPLE delivered the opinion of the court:
The dispute in this constitutional law case centered on the number of signatures required *634 to place a referendum on the ballot to dissolve a township. The Illinois Constitution provides that townships may be dissolved, "when approved by a referendum in the total area in which township officers are elected." Ill. Const. 1970, art. VII, § 5. The Constitution, however, has left it to the General Assembly to prescribe by statute the procedure for determining the validity and sufficiency of a petition to initiate a referendum. Specifically on the issue of signatures, the Township Code, at the time the petitions were circulated, provided:
"Upon the petition of at least 10% of the legal voters of any county, as determined on the date the petition is filed, that has adopted township organization, the county board shall certify and cause to be submitted to the voters of the county, at the next general election, the question of the continuance of township organization." (Emphasis added.) 60 ILCS 1/25-5 (West 1996).
The circuit court of Rock Island County held that this provision of the Township Code was unconstitutionally vague and uncertain, because a petitioner could not ascertain the number of signatures required prior to filing since the minimum number of signatures was "determined on the date the petition is filed," and thus created a moving target.
This case is before this court pursuant to Supreme Court Rule 302(a)(1), which authorizes direct appeals to this court from final judgments of the circuit court in cases where a state statute is held invalid. 134 Ill.2d R. 302(a)(1). The parties asked us to decide whether the circuit court erred in holding that (1) the signature requirement in the Township Code was unconstitutionally vague and (2) the prior law therefore controlled the disposition of the case. For the reasons that follow, we dismiss the appeal.

I
Michael Richardson filed a petition to add a referendum to the November 5, 1996, election ballot which would have allowed the general population to vote on whether township government should be dissolved in Rock Island County. Richardson had collected 9,913 signatures in support of his petition. Susan Carpentier and six other individuals filed an objection to the petition, challenging 2,484 of the signatures. After a hearing, the Rock Island County Officers Electoral Board (Board) concluded that the Township Code required a petitioner to collect 9,023 signatures to place a referendum on the ballot. The Board sustained objections to 1,445 signatures in Richardson's petition and denied Richardson's petition-with 8,468 valid signatures-because of an insufficient number of signatures.
Richardson filed a petition for judicial review. After a hearing, the circuit court held that the language of the Township Code (60 ILCS 1/25-5 (West 1996)) which fixed the number of required signatures to 10% of the registered voters as of the day the petition is filed was unconstitutionally vague. In the absence of a valid Township Code provision, the circuit court applied the following provision from the Election Code:
"Whenever this Code or another Statute requires that a nominating petition or a petition proposing a public question shall be signed by a specified percentage of the registered voters * * * the total number of voters to which the percentage is applied shall be the number of voters who are registered * * * on the date registration closed before the regular election next preceding the last day on which such petition may be filed in accordance with the general election law." 10 ILCS 5/3-1.3 (West 1996).
Under this formula, 9,020 signatures were required; the petition contained only 8,468 valid signatures, and accordingly the circuit court confirmed the Board's decision.
Richardson filed a motion for reconsideration and argued that the previous version of section 25-5 of the Township Code should be applied rather than the Election Code. The circuit court agreed and set aside the Board's decision. Under the earlier version of the Township Code, the number of signatures required to place a referendum on the ballot was 10% of the votes cast in the preceding presidential election. Under this formula, only 7,373 signatures were required. The circuit court ordered that the referendum be placed on the ballot; Carpentier and the Board filed a notice of appeal. The appellate court stayed the circuit court's order and *635 transferred the cause to this court under Supreme Court Rule 365, which permits the transfer of cases between the supreme court and the appellate court when a case is appealed to the wrong court. 155 Ill.2d R. 365. The case is properly before this court on a direct appeal from a final judgment of the circuit court holding a state statute invalid. 134 Ill.2d R. 302(a). Because of the stay order, the petition to abolish township government in Rock Island County did not appear on the November 5, 1996, ballot.

II
This appeal is now moot. The function of this court is to decide controverted issues between real parties. An appeal is considered moot when it "`presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist.'" First National Bank v. Kusper, 98 Ill.2d 226, 233, 74 Ill.Dec. 505, 456 N.E.2d 7 (1983), quoting People v. Redlich, 402 Ill. 270, 278-79, 83 N.E.2d 736 (1949). The test for mootness is whether "`the issues involved in the trial court no longer exist' because intervening events * * * [have] render[ed] it impossible for the [reviewing] court to grant the complaining party effectual relief." In re A Minor, 127 Ill.2d 247, 255, 130 Ill.Dec. 225, 537 N.E.2d 292 (1989).
Here, the referendum in question did not appear on the ballot and the election has long since come and passed; there is then no relief which this court can offer these parties. This fact alone would not necessarily doom the appeal, however, because we review moot issues under the public interest exception to the mootness doctrine. Where there is a substantial public or private question involved, where there is a need for an authoritative determination for future guidance, and where the issue is likely to recur, review is indicated. See People ex rel. Wallace v. Labrenz, 411 Ill. 618, 622, 104 N.E.2d 769 (1952); Johnson v. Edgar, 176 Ill.2d 499, 513, 224 Ill.Dec. 1, 680 N.E.2d 1372 (1997). None of these factors, however, are present here. Since this controversy arose, the Illinois General Assembly amended the provision of the Township Code which was held invalid by the circuit court. The Township Code now reads:
"Upon the petition of at least 10% of the registered voters of each township of a county, as determined on the date registration closed before the regular election next preceding the last day on which the petition may be filed, that has adopted township organization, the county board shall certify and cause to be submitted to the voters of the county, at the next general election, the question of the continuance of township organization." (Emphasis added.) Pub. Act 90-112, eff. January 1, 1998 (amending 60 ILCS 1/25-5).
Where a challenged statute is amended to remove or to alter the ostensibly unconstitutional language while the cause is pending, the constitutional challenge to the statute becomes moot. Johnson v. Edgar, 176 Ill.2d at 511, 224 Ill.Dec. 1, 680 N.E.2d 1372. Moreover, this amendment to the statute forecloses the possibility that the issues presented in this appeal will recur in a future case. Accordingly, this case is moot and does not fall within the public interest exception to the mootness doctrine.
Accordingly, the appeal is dismissed.
Appeal dismissed.