NOTICE

Decision filed 09/03/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 200239-U

NO. 5-20-0239

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DEVELOPMENTAL DISABILITY SERVICES OF METRO EAST, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-MR-67 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES; GRACE B. HOU, Secretary of Illinois Department of of Human Services; DIVISION OF DEVELOPMENTAL DISABILITIES; KATHLEEN R. WARD, Acting Director of the Division of Developmental Disabilities; and GARY KRAMER, Chief Accountability Officer of the Division of Developmental Disabilities, | ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellees | ) ) | Honorable Julie K. Katz, |
| (Prairieland Service Coordination, Inc., Intervenor). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where intervening events and the passage of time have rendered the issues on appeal moot such that the decision of the circuit court cannot be reviewed, the judgment of the circuit court is vacated, and the cause is remanded with instructions to dismiss the plaintiff's petition for administrative review.

¶ 2    The plaintiff, Developmental Disability Services of Metro East, filed a petition for administrative review of the defendants' decision to implement a competitive selection process for awarding grants to independent entities who provide case management services to persons with developmental disabilities, and asked the circuit court to declare that the defendants' decision was invalid and to stay the defendants from entering or implementing any contracts regarding the grant funds pending a final decision by the circuit court. After reviewing the pleadings and arguments, the circuit court found that the plaintiff was not entitled to the relief it had requested and denied the plaintiff's amended petition for administrative review. For the reasons that follow, we vacate the judgment of the circuit court and remand this cause with instructions to dismiss the plaintiff's petition for administrative review.

¶ 3                                 I. BACKGROUND

¶ 4    The plaintiff is a nonprofit, independent service coordination (ISC) entity that provides case management and coordination services to persons with developmental disabilities. The defendant, Illinois Department of Humans Services (DHS), is an agency of the State of Illinois. The defendant, Division of Developmental Disabilities (DDD), is a division within DHS. For 32 years prior to these proceedings, the plaintiff had contracted annually with the defendants to provide service to individuals in St. Clair County and Madison County. The plaintiff's final contract with the defendants covered fiscal year 2019 and ran from July 1, 2018, through June 30, 2019. The contract contained a provision specifying that the contract may be renewed for additional periods by mutual consent of the parties, but it did not "create any expectation of renewal."

2

¶ 5    On September 10, 2018, DHS posted a Notice of Funding Opportunity for ISC services for fiscal year 2020 (the NOFO). This was the first time that DHS used a bidding selection process to award grants to ISC agencies. The grants were offered for fiscal year 2020, and the defendants held options for two additional one-year renewals.

¶ 6    On November 12, 2018, the plaintiff submitted a timely grant application pursuant to the NOFO, seeking selection as the ISC for individuals in Region K, covering St. Clair County and Madison County. On January 2, 2019, the plaintiff was notified that it had not been selected to receive the fiscal year 2020 grant for Region K. Instead, Prairieland Service Coordination, Inc. (Prairieland), had been selected to serve Region K.

¶ 7    On January 16, 2019, the plaintiff filed a timely appeal of the decision by DHS. On February 15, 2019, Kathleen Ward, the acting director of DDD, notified the plaintiff via email that the result of the NOFO had been upheld. The written decision of Gary Kramer,[1] the appeals review officer, was appended to the acting director's email. In his decision, Kramer explained that an appeal from a competitive grant determination was limited to an evaluation of the merit-based review process and that evaluation scores could not be protested. Kramer indicated that he read the plaintiff's appeal letter, and "reviewed and evaluated the Notice of Funding Opportunity, the merit-based review process narrative to the ARO, the grantee application and supporting documents, and the review notes and scores." Based upon his review of those documents, Kramer opined that the NOFO communicated all required information and that both the NOFO process and the merit-

_____

[1]Gary Kramer also held the position of the chief accountability officer for DHS.

based review process narrative were followed. Kramer agreed with DHS's initial determination, and he recommended that the notice of the plaintiff's nonselection be upheld.

¶ 8       On March 12, 2019, the plaintiff filed a petition for administrative review of the defendants' final decision in the circuit court of St. Clair County, pursuant to section 3-104 of the Code of Civil Procedure (Code) (735 ILCS 5/3-104 (West 2018)). The plaintiff named DHS and DDD as defendants. The plaintiff also named the following as defendants: Grace B. Hou, secretary of DHS; Kathleen R. Ward, acting director of DDD; and Gary Kramer, chief accountability officer for DHS.

¶ 9       In count I of the petition, the plaintiff claimed that the defendants violated provisions of the Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards (the Uniform Guidance) (2 C.F.R. § 200.101) when they implemented a competitive bidding process to award ISC grants. The plaintiff asserted that the Uniform Guidance provided that certain Medicaid-funded block grants were exempt from competitive bidding, and that since the subject NOFO grants were partly funded by federal Medicaid dollars, those grants should not have been awarded through a competitive bidding process. The plaintiff further asserted that the defendants failed to promulgate rules adopting the Uniform Guidance and its competitive funding exemption in violation of provisions in the Grant Accountability and Transparency Act (GATA) (30 ILCS 708/5 *et seq*. (West 2018)). The plaintiff asked the circuit court to declare that the NOFO was invalid and to stay the defendants' decision awarding ISC grants until a final determination by the court.

¶ 10    In count II of the petition, the plaintiff alleged that the defendants violated the rulemaking provisions in article 5 of the Illinois Administrative Procedure Act (IAPA) (5 ILCS 100/5-5 *et seq.* (West 2018)), in that they implemented the NOFO process without first promulgating rules relating to the NOFO funding. The plaintiff also asserted that the defendants acted arbitrarily, capriciously, and contrary to the law when they denied the plaintiff's grant application, that the defendants violated the plaintiff's due process rights by failing to provide a fair and meaningful appeals process, and that the defendants' final administrative determination was contrary to the manifest weight of the evidence. The plaintiff sought an order staying the defendants' final administrative decision and directing the defendants to maintain the plaintiff's funding pending a final determination by the court. The plaintiff filed count III, in the alternative, and sought a preliminary injunction to enjoin the defendants from moving forward on any contracts under the NOFO pending a final determination by the court. The plaintiff also indicated that it intended to file a separate action for injunctive relief.[2]

¶ 11    On March 20, 2019, the plaintiff filed a separate complaint for a temporary restraining order and a preliminary injunction in the circuit court of St. Clair County (19-CH-153). The plaintiff sought an order directing the defendants to maintain the plaintiff's funding and barring the defendants from executing or taking steps to implement any

---

[2]Prior to filing this petition for administrative review, the plaintiff attempted to file a single lawsuit that contained the claims asserted in the petition for administrative review and a claim for injunctive relief. The plaintiff stated that its complaint was rejected by the circuit clerk's office.

contracts for ISC services pursuant to the NOFO for fiscal year 2020, until the circuit court issued a final decision in the action for administrative review.

¶ 12    On May 31, 2019, the plaintiff and the defendants reached an agreement to settle the action for administrative review and the injunctive relief action. Under the terms of the settlement, the defendants agreed to issue a new competitive bidding process for Region K for fiscal year 2020 and to permit the plaintiff to continue serving as the ISC for Region K until the conclusion of the new competitive bidding process and the execution of a new contract. In exchange, the plaintiff agreed to dismiss both actions with prejudice. Pursuant to the purported settlement agreement, the plaintiff filed a motion to voluntarily dismiss its claims against the defendants in this case and in the injunctive relief action. However, Prairieland, a third-party defendant in the injunctive relief action, filed an objection to the proposed settlement. Prairieland argued that it was not a party to the settlement negotiations and that its rights were not protected under the terms of the settlement. On July 17, 2019, the circuit court entered an order in the injunctive relief action, finding that the proposed settlement agreement was invalid.[3]

¶ 13    On August 5, 2019, the plaintiff filed a motion to withdraw its motion for voluntary dismissal in the case at bar. Two weeks later, the plaintiff filed a motion seeking a stay of the defendants' administrative determination on the NOFO and an order directing the

_____

[3]The circuit court entered a second order in 19-CH-153 on July 17, 2019. In its order, the court found that the plaintiff failed to establish a clearly ascertainable right in need of protection and denied the plaintiff's request for a preliminary injunction. The plaintiff appealed. On appeal, this court affirmed the circuit court's order denying the plaintiff's request for a preliminary injunction. *Developmental Disability Services of Metro East v. Illinois Department of Human Services*, 2019 IL App (5th) 190337-U.

defendants to maintain the plaintiff as the ISC service provider for Region K pending a final decision in this case. Following a hearing on September 4, 2019, the circuit court granted the plaintiff leave to withdraw its motion for voluntary dismissal, and also granted Prairieland's oral motion to intervene. Then, on September 9, 2019, the court denied the plaintiff's motion for a stay of the administrative determination and ordered the defendants to file a response to the plaintiff's petition for administrative review. The court also ordered Prairieland to file an entry of appearance as an intervenor. Pursuant to that order, Prairieland entered its appearance the following day.

¶ 14   On September 18, 2019, the defendants filed a motion to dismiss the plaintiff's petition for administrative review pursuant to section 2-615 and section 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2018)), along with a supporting memorandum. In arguments made under section 2-619, the defendants asserted that the plaintiff's request for an order directing the defendants to take a specific action, such as directing the defendants to enter into a contract with the plaintiff or to "undo" a contract the State had entered with another ISC agency, was barred by the State Law Immunity Act (745 ILCS 5/1 (West 2018)).

¶ 15   In arguments made under section 2-615, the defendants asserted that the plaintiff's claims failed as a matter of law. The defendants initially argued that the plaintiff's contention that the NOFO merit-review process violated its right to due process was improper because the plaintiff did not have a property interest in potential future contracts with DHS. Relying on section 5-35(c) of the IAPA (5 ILCS 100/5-35(c) (West 2018)), the defendants next argued that they did not violate the IAPA because the IAPA's rulemaking

7

procedures did not apply to matters relating to contracts, and the NOFO was a matter related to contracts. In addition, the defendants claimed that the Medicaid exemption for competitive bidding did not apply to ISC entities classified as "subrecipients." The defendants asserted that the plaintiff was a "subrecipient" and was, therefore, subject to competitive bidding under the Uniform Guidance (2 C.F.R. § 200.330(a)). The defendants further argued that the plaintiff's claim that it had been denied a meaningful appeals process lacked merit because the appeal of a competitive grant determination was limited to the evaluation process and evaluation scores could not be protested under 44 Ill. Adm. Code 7000.350(g) (eff. Oct. 5, 2018). Finally, the defendants claimed that the plaintiff's requests for alternative relief in the form of a preliminary injunction or a stay should be denied because the plaintiff could not demonstrate a reasonable likelihood of success on the merits where it had no protected right to the continuance of an expired contract.

¶ 16    On January 28, 2020, the plaintiff filed a response in opposition to the defendants' motion to dismiss. Initially, the plaintiff argued that principles of sovereign immunity did not bar actions against state officials who acted in excess of their statutory authority or in violation of the law. The plaintiff next argued that the contract exception in the IAPA did not apply because the issuance of contracts to ISC agencies was merely an "incidental means" to the end of providing services to individuals in need. The plaintiff further argued that the NOFO was invalid because it was a "sweeping de facto rule," adopted without the required notice and comment period. The plaintiff acknowledged that ISC agencies were "subrecipients" under 2 C.F.R. § 200.330 but argued that Medicaid-funded ISC grants were

8

exempted from competitive bidding under 2 C.F.R. § 200.101 of the Uniform Guidance and sections 20 and 50 of the GATA (30 ILCS 708/20, 50 (West 2018)).

¶ 17    On January 29, 2020, the circuit court heard arguments on the defendants' motion to dismiss.[4] During the hearing, plaintiff's counsel clarified the plaintiff's position on the issue of sovereign immunity. Plaintiff's counsel stated that the plaintiff was not asking the court to "undo" contracts that the State had entered into or to order the State to enter into a contract with the plaintiff. Rather, the plaintiff was asking the court to find that the NOFO was void and "to enjoin any future implementation" of the NOFO "from this point onward." Noting that the circuit court's order denying preliminary injunctive relief in the companion case had been affirmed on appeal, plaintiff's counsel conceded that the count for a preliminary injunction (count III) could be dismissed.

¶ 18    After considering the arguments of counsel, the court dismissed count III of the plaintiff's petition and denied the defendants' motion to dismiss counts I and II. The court granted the parties leave to file any additional written arguments as to the merits of the plaintiff's petition. The court specifically noted that the parties had waived further oral argument. The court stated that it would render a decision after reviewing the pleadings and the administrative record.

¶ 19    On January 29, 2020, the defendants filed a supplemental brief, reasserting their previous arguments that they did not violate the IAPA or the Uniform Guidance and that

---

[4]At the outset of the proceedings, the circuit court questioned whether the plaintiff's claims were properly brought under the Administrative Review Law. The parties seemed to agree that while the Administrative Review Law did not apply because the defendants had not specifically adopted it (735 ILCS 5/3-102 (West 2018)), the defendants' administrative decisions could be reviewed by means of a writ of *certiorari* or through a declaratory judgment action.

sovereign immunity barred the plaintiff's prayers for relief. The defendants noted that if the court determined that the NOFO was invalid, any relief should be limited so as not to offend principles of sovereign immunity.

¶ 20 On February 20, 2020, the plaintiff filed a motion to amend its petition for administrative review and attached its first amended petition for administrative review. In its motion, the plaintiff indicated that the amended petition included additional facts that arose after the filing of the original petition. The plaintiff also indicated that it dropped the alternative claim for a preliminary injunction, but did not otherwise modify its prayer for relief.

¶ 21 The additional facts were set forth in the "Factual Background" section of the amended petition. Therein, the plaintiff indicated that the defendants had proposed a new rule that incorporated the Uniform Guidance for all future grants. The plaintiff also described the events that occurred subsequent to the proposed settlement between the plaintiff and the defendants. The plaintiff and the defendants had entered into an interim contract wherein the plaintiff would provide ISC services in Region K from July 1, 2019, through October 31, 2019. When the settlement was declared invalid, the defendants terminated the interim contract effective September 8, 2019, and demanded that the plaintiff transfer all of its client files, paper and electronic, to Prairieland by September 8, 2019. The plaintiff further asserted that it was notified on November 25, 2019, that it had been placed on a stop payment list and debarred from consideration of other grants because of its alleged failure to complete a periodic performance report for the 68-day interim contract. The plaintiff indicated that it appealed that decision, arguing that it could not

prepare the performance report because of the mandate to transfer all of its files, and that DHS denied the appeal, stating that the full compliance with reporting requirements was required. During a later hearing in the case at bar, plaintiff's counsel acknowledged that the plaintiff decided not to pursue further review of the denial of its appeal.

¶ 22 In count I of the first amended petition, the plaintiff again asserted that the defendants failed to comply with the provisions of the Uniform Guidance (2 C.F.R. § 200.101) and GATA (30 ILCS 708/5 (West 2018)) when they implemented the NOFO. In count II, the plaintiff again asserted that the defendant had failed to promulgate GATA rules for the NOFO in violation of the rule-making provisions of the IAPA (5 ILCS 100/5-5 (West 2018)). The plaintiff also restated its contentions that the defendants' merit review process led to arbitrary and capricious results and that the defendants failed to provide a meaningful process to appeal adverse decisions. In the prayer for relief, the plaintiff asked the circuit court to declare that the defendants' decision to utilize the NOFO procedure violated provisions of the GATA and the IAPA and to "void any implementation" of the NOFO. The plaintiff also made a generic request for attorney fees and costs, and such other relief as the court deemed just and proper.

¶ 23 On March 30, 2020, the circuit court entered an order granting the plaintiff leave to file the first amended petition and noted that the amended petition was deemed to have been filed February 20, 2020. The court then denied the plaintiff's first amended petition. The court stated that the defendants' supplemental brief set forth several reasons why the plaintiff was not entitled to the relief it had requested, and the court found that those

arguments were "well-taken." The court made no specific findings as to the validity of the subject NOFO.

¶ 24    On April 27, 2020, the plaintiff filed a motion to vacate the court's order of March 30, 2020, and sought leave to cite supplemental authority. The plaintiff claimed that the defendants' arguments regarding the propriety of the NOFO had been recently "repudiated" in an audit by the Illinois Auditor General. The plaintiff asked the court to take judicial notice of the "Management Audit of ISC Selection Process" (Audit),[5] dated April 2020, arguing that the document was readily verifiable. The defendants filed a response in opposition to the motion to vacate. They also objected to the plaintiff's attempt to cite additional authority, arguing that the circuit court's review was limited to the contents of the record before the administrative agency. The defendants also argued that the Audit was not a proper subject of judicial notice because it contained hearsay statements and because the Auditor General's findings were subject to reasonable dispute.

¶ 25    On July 15, 2020, the circuit court denied the plaintiff's motion to vacate, finding that the plaintiff failed to set forth a valid basis upon which to vacate the March 30, 2020, order. The court also denied the plaintiff's motion to take judicial notice of the Audit, concluding that it was not an appropriate subject for judicial notice. This appeal followed.

---

[5]The plaintiff appended a complete copy of the Audit to its motion. The 205-page report includes the findings and conclusions of the Illinois Auditor General and DHS's responses to those findings and conclusions.

¶ 26                                    II. ANALYSIS

¶ 27    Initially, we consider the defendants' contention that the plaintiff's claims for prospective relief are moot. The defendants assert that DHS promulgated new rules pursuant to the IAPA's notice-and-comment procedure that adopted the Uniform Guidance, including the competitive bidding exemption for Medicaid-funded grants, and that the adoption of the rules resolved the parties' controversy because the plaintiff secured what it sought to achieve.

¶ 28    In response, the plaintiff argues that the adoption of the new rules neither transformed the subject NOFO into a valid administrative rule, nor resolved ongoing controversies between the plaintiff and the defendants related to the issuance and implementation of that NOFO. The plaintiff claims that because the NOFO included two options for one-year renewals held by the defendants, the effect of the invalid rulemaking is ongoing and prospective. The plaintiff further claims that its placement on the Illinois Suspension and Debarment List for an alleged failure to comply with reporting requirements is an ongoing consequence of the invalid rulemaking. The plaintiff concludes that the implementation of the new rules did not correct the consequences of the defendants' improper rulemaking process, and that there would be no serious or disruptive consequences if the NOFO was declared invalid and the decisions made in accordance therewith were vacated.

¶ 29    As a general rule, Illinois reviewing courts will not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*,

2016 IL 118129, ¶ 10. An issue is moot when there remains no actual controversy between the parties or when the issue has ceased to exist. *Richardson v. Rock Island County Officers Electoral Board*, 179 Ill. 2d 252, 256 (1997). The test for mootness is whether the issues presented in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party. *Commonwealth Edison*, 2016 IL 118129, ¶ 10; *Richardson*, 179 Ill. 2d at 256. A decision on the merits that would not result in appropriate relief is essentially an advisory opinion. *Commonwealth Edison*, 2016 IL 118129, ¶ 10.

¶ 30    Both parties acknowledge that during the course of this litigation, DHS proposed new rules that adopted the federal Uniform Guidance, including the exemption from competitive bidding for Medicaid-funded grants, found in 2 C.F.R. § 200.101(f)(1), and that interested parties were invited to submit comments to the proposed rules within 45 days. See 43 Ill. Reg. 11812 (proposed Oct. 18, 2019). Following the close of the notice-and-comment period, DHS adopted the new rules with an effective date of May 6, 2020. See 44 Ill. Adm. Code 7040.30, 7040.40; 44 Ill. Reg. 8478 (eff. May 6, 2020). Thus, the adoption of the new rules effectively provided the plaintiff with a portion of the relief it was seeking.

¶ 31    The plaintiff claims that the effect of the invalid rulemaking is ongoing and prospective because the NOFO provided for two options for one-year renewals of the grant. Pursuant to the NOFO, the defendants awarded one-year grants for fiscal year 2020, and the defendants held options to offer two one-year grant renewals. The fiscal years for 2020 and 2021 have now closed. Fiscal year 2022 began on July 1, 2021, and thus, we presume

14

that the grant awards for fiscal year 2022 have been made and contracts executed. During arguments before the circuit court, plaintiff's counsel candidly stated that the plaintiff was not asking the court to direct the defendants to "undo" or terminate existing contracts and enter into a contract with the plaintiff. Indeed, such a remedy would implicate sovereign immunity. The fiscal year 2020 NOFO grants and any optional renewals have been awarded, and any decision on the validity of the NOFO would offer no effectual relief as to those awards.

¶ 32    The plaintiff also claims that the consequences of the invalid rulemaking are ongoing in that it was placed on the Illinois Debarred and Suspended List because it failed to complete a periodic performance report. The plaintiff argues that it was impossible to comply with the reporting requirements because it had transferred all of its records to the successful applicant pursuant to the defendants' mandate. The plaintiff, however, acknowledged that the placement on the Debarred and Suspended List occurred in a separate administrative proceeding and that the plaintiff had an opportunity to file a written objection and request a hearing. See 44 Ill. Adm. Code 1.5560 (2014). The plaintiff further acknowledged that it made the decision to forego judicial review of that final administrative decision. Because the plaintiff had an independent opportunity to seek judicial review of the decision to place it on the suspension list and intentionally waived that opportunity, we do not find that the collateral consequences exception to the mootness doctrine applies.

¶ 33    The record in this case demonstrates both the passage of time and intervening events have rendered it impossible for this court to grant the specific relief sought by the plaintiff, and the plaintiff's generic claims for attorney fees and other appropriate relief do not save

its moot claims. The plaintiff has not argued that this case falls within any recognized exception to the mootness doctrine. Because intervening events and the passage of time have rendered the issues on appeal moot, the decision of the circuit court cannot be reviewed. *La Salle National Bank v. City of Chicago*, 3 Ill. 2d 375, 382 (1954). In such cases, the appropriate disposition is to vacate the judgment of the circuit court and remand the case to circuit court with instructions to dismiss the petition for administrative review. *La Salle National Bank*, 3 Ill. 2d at 382. This disposition makes it clear that the matter will not be *res judicata* since there is no judgment on the merits. *La Salle National Bank*, 3 Ill. 2d at 382.

¶ 34   Accordingly, the judgment of the circuit court is hereby vacated, and the cause is remanded with instructions to dismiss the petition for administrative review.


¶ 35   Vacated and remanded with directions.