2022 IL App (1st) 220067

No. 1-22-0067

September 29, 2023

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PHOENIX CAPITAL, LLC as Assignee of Streamline Capital Partners LLC, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois County |
| Plaintiff-Appellee, | ) ) | No. 2004 M1 160235 |
| v. | ) ) | The Honorable |
| KWABENA NSIAH, | ) ) ) | Martin Molz, Judge Presiding. |
| Defendant-Appellant. | ) | |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Justices Hyman and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Streamline Capital Partners, LLC (Streamline), filed a complaint against defendant-appellant Kwabena Nsiah, seeking payment for a defaulted debt. Nsiah filed an appearance form in the circuit court in December 2004 but made no further engagement with the court. In March 2005, the circuit court entered a default judgment against Nsiah when he failed to appear for a status hearing. Subsequently, plaintiff-appellee Phoenix Capital, LLC (Phoenix Capital), acquired all rights, title, and interest in the default judgment. The case proceeded to postjudgment

proceedings, and Nsiah appeared in court for the first time in September 2008. During the next 13 years, Nsiah appeared in court and participated in the postjudgment proceedings. In May 2021, Nsiah filed a motion to quash service of process, alleging plaintiff's failure to serve the summons and complaint to Nsiah in accordance with statutory service requirements deprived the circuit court of personal jurisdiction to enter the default judgment. The circuit court denied the motion. On appeal, Nsiah argues the circuit court erred in denying his motion to quash service of process. For the following reasons, we affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3      On September 15, 2004, Streamline filed a complaint against Nsiah, seeking payment on a defaulted Citibank credit card account balance of $2550.06. Streamline attached the bill of sale to the complaint demonstrating Streamline was the assignee of all rights, title, and interest in the Citibank account. In October 2014, the Cook County Sheriff's Office attempted to serve Nsiah at the 2400 block of East 103rd Street in Chicago but was unsuccessful. The circuit court granted Streamline's *ex parte* motion for appointment of a special process server and alias summons. In the service return, the process server stated he left a summons and complaint with Nsiah's mother, Annie Nsiah,[1] at the 103rd Street address on December 1, 2004. The process server also stated he mailed a copy of the documents to Nsiah at the same address on December 3, 2004. On December 14, 2004, Nsiah filed an "Appearance and Jury Demand" form in the circuit court. On December 28, 2004, the court dismissed the case for want of prosecution. Streamline filed a motion to correct the record, and the court vacated its December 28 judgment and scheduled the case for status on

---

[1]Annie Nsiah is also referenced as Annie Redmond in the record.

March 22. Nsiah failed to appear on the day of the status hearing, and the court entered an *ex parte* default judgment against Nsiah.

¶ 4    In December 2005, the circuit court issued a citation to discover assets. Streamline filed third-party citations to discover assets against Wendy's and Bank of America. Nsiah was ordered to appear in court on May 2, 2006. When Nsiah failed to appear in court on May 2, Streamline filed a petition for rule to show cause of indirect civil contempt for failure to appear, which the court granted. Nsiah was ordered to appear in court on April 2, 2007. Nsiah did not appear in court on April 2, and the court entered a contempt order. The Cook County Sheriff's Office attempted to serve the contempt order but was unable to locate Nsiah. The court issued a second contempt order.

¶ 5    On September 8, 2008, Nsiah appeared in court to assert certain personal property statutorily exempt from judgment. The court granted the motion and entered an agreed order for installment payments to Streamline. In October 2008, Streamline filed a petition for rule to show cause for failure to comply with the installment order. The court issued an order directing Nsiah to show cause on why he should not be held in contempt for failing to make payments pursuant to the installment order. When Nsiah failed to appear on the scheduled court date, the court entered another contempt order against Nsiah. Streamline subsequently filed a motion to vacate the agreed installment payments, which the court granted in December 2009. Two days later, the court granted Streamline leave to initiate subsequent supplementary proceedings to access any new sources of income or assets in Nsiah's possession.

¶ 6    Streamline filed an additional third-party citation against Bank of America on January 13, 2010, and the court ordered that a certain amount of funds held in Nsiah's Bank of America account be turned over to Streamline. Nsiah appeared in court on February 22, 2010, and moved for

exemptions, which the court granted. In February 2017, Phoenix Capital was assigned all rights, title, and interest in the default judgment. In January 2018, Phoenix Capital filed a petition to revive judgment. Phoenix also filed a wage deduction summons on September 18, 2018. Nsiah subsequently filed a motion to vacate but did not specify what order he sought to vacate. The court never heard or ruled on the motion. In November 2018, Nsiah appeared in court and argued for a reduced wage deduction. The court granted Nsiah's request.

¶ 7    On March 17, 2021, the court entered an order of satisfaction and release of judgment against Nsiah for the defaulted debt. On May 12, 2021, Nsiah filed a motion to quash service of process. In the motion to quash, Nsiah claimed he was never served in strict compliance with section 2-203 of the Code of Civil Procedure (735 ILCS 5/2-203 (West 2020)) and, therefore, the *ex parte* default judgment is void for lack of personal jurisdiction. In support of his motion, Nsiah filed two affidavits. The first affidavit provided by Nsiah stated he resided at the 12500 block of South Ashland Avenue in Calumet Park from 2001 until May or June 2005. The second affidavit provided by Annie stated that she had lived at the 103rd Street address since 1986 and that Nsiah did not live there from 2001 to 2005. Annie also stated that Nsiah resided in Calumet Park during that time.

¶ 8    In response, Phoenix Capital argued Nsiah waived any jurisdictional objections by filing his appearance and repeatedly appearing and participating in court. On August 11, 2021, the court held a hearing on the motion to quash. A transcript of the hearing is not included in the record on appeal. The court certified a bystander's report prepared by Phoenix Capital pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017).[2] According to the bystander's report, counsel from

---

[2]Nsiah also filed a motion to approve bystander's report. The court ordered Nsiah's report be included in the record on appeal but refused to certify the report.

both parties appeared for a nonevidentiary hearing on the motion to quash. Nsiah's counsel "first outlined the arguments in his brief" and then "cited statutory requirements for substitute service and relevant cases, as outlined in its brief, relating to the same and relating to Motions to challenge substitute service." Phoenix Capital's counsel made several counter arguments, including "mootness/*laches* estopping Defendant from seeking vacature in light of the above facts and the extensive passage of time combined with Defendant's participation in the matter." The hearing judge considered several factors including, "the sufficiency of service, Defendants' waiver of service objections and Defendant's extensive participation in litigation combined with the extensive passage of time following such participation before raising any objections to jurisdiction" and denied the motion to quash. The next day, the court reiterated that it denied the motion "based on several factors raised by Plaintiff that supported the standing of the Judgment and deficiencies in Defendant's Motion and supporting documents that did not establish a basis for vacature of the Judgment." Nsiah filed a motion for reconsideration, which the court denied. Nsiah now appeals.

¶ 9                                  II. JURISDICTION

¶ 10    Nsiah filed a motion to quash service of process on May 5, 2021. The circuit court denied Nsiah's motion on August 11, 2021. On September 9, 2021, Nsiah filed a motion for reconsideration. The court denied the motion for reconsideration on December 15, 2021. Nsiah filed a notice of appeal on January 12, 2022. We have jurisdiction over this appeal pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 11                                  III. ANALYSIS

¶ 12    On appeal, Nsiah argues the circuit court erred in denying the motion to quash service of process. Specifically, Nsiah contends (1) the court did not have personal jurisdiction because he did not receive service of process in strict compliance with section 2-203, (2) his knowledge of the lawsuit does not equate to waiver of service or consent to personal jurisdiction, (3) the appearance form does not waive his right to challenge the court's jurisdiction, (4) the doctrines of *laches* and mootness are inapplicable to challenges to a court's personal jurisdiction, (5) the court relied on inapposite cases in its determination, and (6) judgments entered without personal jurisdiction are void. Although Phoenix Capital did not file a brief responding to Nsiah's arguments, we may decide this appeal on the merits as the record and claimed errors are straightforward and can be determined without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13                                    A. Mootness

¶ 14    We first address the issue of mootness because there is a question of this court's jurisdiction to review the merits of the appeal. *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 21; see *People v. Aldama*, 366 Ill. App. 3d 724, 725 (2006) ("we have an independent duty to insure that jurisdiction is proper and thus will consider issues of jurisdiction regardless of whether either party has raised them"); *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10 ("As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." (Internal quotation marks omitted.)).

¶ 15    To invoke the subject matter jurisdiction of the court, a case must present a justiciable matter. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). A justiciable matter is a controversy appropriate for review by the court, in that it is definite and

concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. *Id.* at 335. An appeal is moot when "it presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." (Internal quotation marks omitted.) *Richardson v. Rock Island County Officers Electoral Board*, 179 Ill. 2d 252, 256 (1997). The test for mootness is "whether the issues involved in the trial court no longer exist because intervening events *** [have] render[ed] it impossible for the [reviewing] court to grant the complaining party effectual relief." (Internal quotation marks omitted.) *Id.*

¶ 16     Our supreme court's precedent on the justiciability of cases involving the satisfaction of monetary judgments is instructive in resolving the issue at hand. In Illinois, "it is well established that the payment or satisfaction of a money judgment by a judgment debtor does not bar the prosecution of *** an appeal by such judgment debtor." *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518, 523 (1964); see *Briarcliffe West Townhouse Owners Ass'n v. Wiseman Construction Co.*, 118 Ill. App. 3d 163, 173 (1983); *Columbia Mutual Insurance Co. v. Herrin*, 2012 IL App (5th) 100037, ¶ 11 (finding even if the monetary judgment distributed to a party was spent, the court could order the party to make restitution). However, when a judgment has been voluntarily paid or its benefits accepted, the basis for the appeal is waived. *County of Cook v. Malysa*, 39 Ill. 2d 376, 379 (1968) ("the general rule in civil cases [is] that when a judgment has been voluntarily paid or its benefits accepted the question becomes moot"). "Thus, the question here is, under these particular set of facts, *** whether the satisfaction of the judgment was compulsory or voluntary." *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶ 25.

¶ 17     This court's decision in *Abbas* is analogous here. The defendant in *Abbas* appealed the circuit court's judgment finding the defendant in breach of a $1.8 million loan agreement. *Id.* ¶ 1. During oral argument, the parties disclosed that all the amounts due and owing had been satisfied.

*Id.* ¶ 23. In reviewing the issue of mootness, the court considered whether the satisfaction of the judgment was compulsory or voluntary. *Id.* ¶ 25. This court found that the satisfaction of judgment was compulsory because it was made under threat of court order. *Id.* ¶ 28. Specifically, the plaintiff commenced collection proceedings, which entailed citations to discover assets and a request to garnish the defendant's wages, and filed a motion to compel citation examination and production. *Id.* As such, the court found the appeal was not moot. *Id.*

¶ 18    Likewise, here, after the entry of the default judgment, the circuit court issued a citation to discover assets. Streamline filed third-party citations against Wendy's and Bank of America. The parties ultimately entered an agreed order for installment payments. However, Streamline filed a petition for rule to show cause when Nsiah failed to comply with the order. Streamline later filed a motion to vacate the agreed order and sought leave to initiate subsequent supplementary proceedings to access new sources of Nsiah's income and assets. Several years later, Phoenix Capital filed a petition to revive the judgment and a wage deduction summons. Given these facts, we find that the satisfaction of the judgment was compulsory. Therefore, we find this appeal is not moot.

¶ 19                              B. *Laches*

¶ 20    Next, we address the doctrine of *laches*, which Phoenix Capital raised before the circuit court. While the bystander's report does not explicitly state that the court denied the motion to quash based on *laches*, we can affirm on any basis in the record. See *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 13 ("[t]he appellate court reviews the judgment of the circuit court and not the reasons given for that judgment, and we may therefore affirm the circuit court based on any reason found in the record"); *Department of Healthcare & Family Services ex rel. Hodges v. Delaney*, 2021 IL App (1st) 201186, ¶ 33 (acknowledging that it may consider the defense of

*laches* although *laches* was not the basis of the circuit court's ruling because it may affirm on any basis in the record).

¶ 21    We first address Nsiah's argument that *laches* is inapplicable here because a challenge to jurisdiction may be raised at any time. Generally, a challenge to jurisdiction may be attacked at any time. *People v. Castleberry*, 2015 IL 116916, ¶ 11. However, *laches* may be raised in response to an attack on a void judgment. *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 27; *In re Adoption of Miller*, 106 Ill. App. 3d 1025, 1030 (1982) (citing *James v. Frantz*, 21 Ill. 2d 377, 383 (1961), and *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 365 (1978)); *In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 55. Indeed, Illinois courts have applied *laches* to challenges to personal jurisdiction based on insufficient service of process. See *PNC Bank*, 2022 IL 126606, ¶¶ 25-34; *Miller*, 106 Ill. App. 3d at 1030; *Jamari R.*, 2017 IL App (1st) 160850, ¶ 55. As such, we consider whether *laches* applies in this case.

¶ 22    *Laches* is an equitable principle that bars relief for a litigant whose unreasonable delay in bringing an action has prejudiced the other party. *PNC Bank*, 2022 IL 126606, ¶ 25. "The doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party." (Internal quotation marks omitted.) *Id.* Unlike a statute of limitations, *laches* concerns more than the mere passage of time. *Id.* Rather, *laches* is "principally a question of the inequity of permitting the claim to be enforced, an inequity founded upon some change in the condition or relation of the property and parties, and where there is such a change as to make it inequitable to grant relief, it will be refused." (Internal quotation marks omitted.) *Id.* Whether *laches* bars a claim depends on the facts and circumstances of each case. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 25. To defeat a claim based on *laches*, a party

must show (1) lack of diligence by the party asserting the claim and (2) prejudice to the opposing party resulting from the delay. *PNC Bank*, 2022 IL 126606, ¶ 26.

¶ 23    As to the diligence requirement, lack of diligence "encompasses [a party's] delay in bringing the action while having notice or knowledge of [the other party's] conduct and the opportunity to file suit." *Tillman*, 2021 IL 126387, ¶ 26. The record is unclear on when Nsiah became aware of the issue of jurisdiction. The record does show, however, Nsiah was aware of the monetary judgment against him as he appeared in court and participated in postjudgment proceedings from 2008, when he first appeared in court, to 2021, when the court entered the order of satisfaction and release of judgment, a total of 13 years. This appellate court stated " '[i]f the circumstances were such as should have induced inquiry, and the means of ascertaining the truth were readily available upon such inquiry but the party neglects to make it, he will be chargeable with *laches* the same as if he had known the facts." *CitiMortgage, Inc. v. Parille*, 2016 IL App (2d) 150286, ¶ 41 (quoting *Ater v. Smith*, 245 Ill. 57, 71-72 (1910)). Throughout the 13-year delay, Nsiah's involvement in the postjudgment proceedings should have induced inquiry into the default judgment, particularly where the default judgment was court record. Thus, we find Nsiah's failure to inquire demonstrated a lack of diligence.

¶ 24    As to the prejudice requirement, a party suffers prejudice under *laches* where he or she " 'incurs risk, enters into obligations, or makes expenditures for improvements or taxes' while the other party remains passive." *PNC Bank*, 2022 IL 126606, ¶ 33 (quoting *Pyle v. Ferrell*, 12 Ill. 2d 547, 555 (1958)). The record shows the judgment was assigned twice for consideration during the 13-year delay. On November 1, 2010, Streamline assigned all rights, title, and interest in the judgment "for good and valuable consideration paid" to Razor Capital II, LLC (Razor Capital). On February 14, 2017, Razor Capital assigned all rights, title, and interest in the judgment "for

good and valuable consideration duly paid" to Phoenix Capital. Phoenix Capital incurred a financial risk from its assignment that it potentially would not, had Nsiah raised his claim earlier. Therefore, Phoenix Capital was prejudiced by the delay. See *Bledsoe v. Carpenter*, 163 Ill. App. 3d 823, 827 (1987) ("[w]hen this want of due diligence is coupled with the fact that there is a change in parties or subject matter so as to render it inequitable to grant relief, relief will be refused"). Because both elements of *laches* are met, we find Nsiah's challenge to service of process barred by *laches*.

¶ 25                                    IV. CONCLUSION

¶ 26    Based on the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 27    Affirmed.

*Phoenix Capital, LLC v. Nsiah*, **2023 IL App (1st) 220067**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2004-M1-160235; the Hon. Martin Molz, Judge, presiding. |
| **Attorneys for Appellant:** | Andrew Finko, of Chicago, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |