2023 IL App (1st) 230234

No. 1-23-0234

September 29, 2023

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of McDonough County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | No. 18 CF 176 |
| v. | ) | |
| | ) | |
| TYLER COUSINS, | ) | The Honorable |
| | ) | William E. Poncin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1   The circuit court revoked defendant Tyler Cousins's probation underlying his aggravated criminal sexual abuse conviction and resentenced him to four years and six months in prison. On appeal, Cousins argues that the court abused its discretion by allowing inadmissible hearsay evidence at the probation revocation hearing, and then considering the inadmissible evidence in its determination. The State asserts the issue is moot because Tyler completed his sentence.

Because this court is unable to grant any effectual relief where defendant has completed his sentence, we dismiss the appeal as moot.

¶ 2                                          I. BACKGROUND

¶ 3     On February 19, 2019, The McDonough County Circuit Court found Cousins guilty of aggravated criminal sexual abuse and sentenced him to 30 months' probation. Under the terms of probation, Cousins was required to attend sex offender treatment, as directed by Keir Goatley, a licensed sex offender evaluator and treatment provider at Midwest Clinical Counseling, Inc. Cousins subsequently transferred his probation monitoring from McDonough County to Sangamon County. On August 3, 2020, the State filed a petition to revoke probation. The petition alleged that Cousins failed to report to his Sangamon County probation officer and was unsuccessfully discharged from sex offender treatment for noncompliance. A few days later, the State filed an amended petition to revoke probation. In addition to the original allegations, the amended petition alleged Cousins was non-compliant with sex offender treatment because he "chose to discontinue treatment." The court held a hearing on the amended petition on September 8, 2020. Diana Cale, Cousins's McDonough County probation officer, testified on behalf of the State. The State asked Cale to identify a violation report prepared by Brian Shipp, Cousins's Sangamon County probation officer, and a report prepared by Goatley. The State then submitted the reports as evidence.

¶ 4     The circuit court admitted the reports over defense counsel's foundation objection and found that Cousins failed to report to his probation officer and failed to attend and complete sex offender treatment as ordered. Defense counsel filed a motion to reconsider, which the court denied. The court sentenced Cousins to four years and six months in prison. Since the time of

briefing, Cousins's information has not been in the inmate database of the Illinois Department of Corrections. See *Internet Inmate Status*, Ill. Dep't of Corr., http://www.idoc.state.il.us/subsections/search/isdefault2.asp (last visited Sept. 18, 2023) [https://perma.cc/Q6EH-Q5EJ].

¶ 5                                   II. JURISDICTION

¶ 6      The circuit court revoked Cousins's probation and sentenced him to four years and six months in prison on May 6, 2022. Cousins filed a notice of appeal on June 1, 2022. We have jurisdiction over this appeal, pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. Mar. 12, 2021).

¶ 7                                   III. ANALYSIS

¶ 8      On appeal, Cousins argues that the trial court abused its discretion and deprived him of a fair probation-revocation hearing by allowing hearsay evidence over defense counsel's objection and then relying upon that evidence as the sole basis to revoke his probation. The State responds that, during the pendency of this appeal, Cousins completed his sentence; thus, the appeal is moot because this court can no longer grant effectual relief. We first address the State's mootness argument because it raises a question of this court's jurisdiction to review the merits of the appeal. See *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009) ("[a]s a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided"). We review issues of mootness *de novo*. *Id.* at 350.

¶ 9        To invoke the subject matter jurisdiction of the court, a case must present a justiciable matter. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). A justiciable matter is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. *Id.* at 335. An appeal is moot when "it presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." (Internal quotation marks omitted.) *Richardson v. Rock Island County Officers Electoral Board*, 179 Ill. 2d 252, 256 (1997). The test for mootness is "whether the issues involved in the trial court no longer exist because intervening events *** [have] render[ed] it impossible for the [reviewing] court to grant the complaining party effectual relief." (Internal quotation marks omitted.) *Id.*

¶ 10        The State argues that this appeal is moot because no effectual relief is available after Cousins completed his sentence. In a similar case, the Fifth District in *People v. Yackle*, 42 Ill. App. 3d 695 (1976), found no effectual relief was available after the defendant completed his sentence imposed on his probation revocation. Specifically, the court explained, "the maximum relief here would be the vacation of the order of revocation and sentence and the consequent return of defendant to probationary status. Because, however, defendant has been released on parole from the sentence imposed on the revocation, he could thus obtain no effective relief." *Id.* at 696. Relying on *Yackle*, this court observed that it would be "impossible for us to grant defendant effectual relief" from a completed sentence underlying a probation revocation. *People v. Musawwir*, 2022 IL App (1st) 211546-U, ¶ 13. The court explained that it could not "undo the time that defendant spent in jail" and that the only relief available "would be to reverse the revocation of his probation, which would return him to probationary status." *Id.* The court

elaborated that "returning defendant to probation with the obligation to pay [restitution] cannot realistically be called effectual relief. So, in that sense, this case is moot." *Id.*

¶ 11    Here, Cousins requests that we review his challenge to the circuit court's order revoking his probation, even though he completed his sentence imposed on the revocation. Based on Cousins's request, the only option for relief on appeal would be to reverse the order of revocation and remand the case for a new hearing. While, at first glance, a new hearing may seem like effectual relief, Cousins still faces challenges. On remand, the circuit court must decide (1) to revoke Cousins's probation or (2) to deny revocation and return Cousins back to probationary status. None of these options can "realistically be called effectual relief." See *id.* Similar to *Yackle* and *Musawwir*, no effectual relief is available under these circumstances.

¶ 12    Nonetheless, there are three exceptions to mootness: (1) the public-interest exception; (2) the capable-of-repetition-yet-avoiding-review exception; and (3) the collateral consequences exception. See *Alfred H.H.*, 233 Ill. 2d at 355-61. Cousins argues that the collateral consequences exception applies to this case because of the possible impact on future actions related to his sex offender registration.

¶ 13    In cases involving probation revocation, the First District has applied the collateral consequences exception to mootness (see *In re Sturdivant*, 44 Ill. App. 3d 410 (1976)), while the Fifth District has found the collateral consequences exception did not apply (see *Yackle*, 42 Ill. App. 3d at 696). The Second and Fourth Districts have divergent decisions. Compare *People v. Dawson*, 2020 IL App (4th) 170872, and *People v. North*, 3 Ill. App. 3d 428 (1972), with *People v. Monick*, 51 Ill. App. 3d 783 (1977), and *People v. Halterman*, 45 Ill. App. 3d 605 (1977).

¶ 14    In the most recent decision, the Fourth District relied on a United States Supreme Court decision, *Spencer v. Kemna*, 523 U.S. 1 (1998), for guidance. *Dawson*, 2020 IL App (4th) 170872, ¶¶ 14-19. There, the Supreme Court addressed whether the petitioner's challenge to his parole revocation was moot because he completed his term of imprisonment. *Spencer*, 523 U.S. at 3. The Court stated that courts have historically required collateral consequences of convictions to be "specifically identified," *i.e.*, "concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law." *Id.* at 8. In recent years, courts have "been willing to presume that a wrongful criminal conviction has continuing collateral consequences." *Id.* The court explained that the precedent establishing the presumption of collateral consequences of convictions was developed during a time where the constitutional requirement of standing was less stringent. *Id.* at 10-11. Furthermore, the presumption of collateral consequences to convictions "is likely to comport with reality." *Id.* at 11-12. Indeed, "it is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." (Internal quotation marks omitted.) *Id.* at 12. However, the same reasons do not extend to parole revocations. *Id.* For instance, as to employment prospects and sentencing in future criminal proceedings, parole revocations were:

> " 'nonstatutory consequences' *** dependent upon '[t]he discretionary decisions…made by an employer or a sentencing judge,' which are 'not governed by the mere presence or absence of a recorded violation of parole,' but can 'take into consideration, and are more directly influenced by, the underlying conduct that formed the basis for the parole.' " *Id.* at 13 (quoting *Lane v. Williams*, 455 U.S. 624, 632-33 (1982)).

Moreover, the civil disabilities associated with criminal convictions—such as being barred from holding certain political offices, voting, and serving as a juror—did not result from a parole violation. *Id.* at 12-13 (citing *Lane*, 455 U.S. at 632-33 n.13). Therefore, the court declined to extend the presumption of collateral consequences to parole revocations. Rather, the petitioner must show "concrete injuries-in-fact attributable to his parole revocation," *i.e.*, "concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law." *Id.* at 8, 14.

¶ 15    For the same reasons, we find *Spencer* equally applicable here. Following the principles set forth in *Spencer*, Cousins must identify concrete injuries-in-fact deriving from his probation revocation. See *id.* at 8. He has not done so. Cousins argues that collateral consequences exist because (1) he can never challenge the circuit court's revocation determination and (2) he will undergo ongoing registration and reporting requirements as a sex offender for the rest of his life. The fact that Cousins's legal remedies are exhausted is not a collateral consequence of his probation revocation but rather a consequence of Cousins completing his sentence and this court's inability to grant relief as a result. Furthermore, Cousins failed to show that he will be subjected to ongoing registration and reporting as a sex offender as a result of his probation revocation. Rather, Cousins will be subjected to sex offender registration and reporting due to the underlying conviction of aggravated criminal sexual abuse, not the probation revocation. Cousins's conviction for aggravated criminal sexual abuse qualifies him as a "sexual predator" under the Sex Offender Registration Act (730 ILCS 150/2(E)(1) (West 2018)). As a sexual predator, Cousins has a duty to register in person with the law enforcement agency in the municipality or county where he resides within three days of his release from prison. *Id.* § 3(a), (c)(4). He will also have to register with

the law enforcement agency in any municipality or county where he is temporarily domiciled for at least three days and must provide that agency with his travel itinerary while there. *Id.* § 3(a). Therefore, we find this case fails to meet the collateral consequences exception.

¶ 16     Although Cousins does not address the remaining two exceptions, we also find this case fails to meet them. Under the public interest exception, the respondent must show (1) the question presented is of a public nature, (2) there is a need for an authoritative determination for the future guidance of public officers, and (3) there is a likelihood of future recurrence of the question. *Alfred H.H.*, 233 Ill. 2d at 355-56. The question presented before us—whether two reports admitted during the revocation hearing constituted inadmissible hearsay—is not one of public nature. The supreme court found that inherently case-specific reviews typically do not present broad public interest issues. *Id.* at 356-57. The issue here raises an evidentiary question that is reviewed for an abuse of discretion. Whether there is an abuse of discretion depends on the particular facts and circumstances of the case. *People v. Talidis*, 2023 IL App (2d) 220109, ¶ 58. Even considering whether a public interest exists under the circumstances, the facts have a narrow reach. In his opening brief, Cousins specifically argues that the circuit court abused its discretion when it admitted the violation report prepared by Shipp and the report prepared by Goatley under section 115-5(c)(2) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-5(c)(2) (West 2020)) "without hearing testimony from anyone familiar with their offices' record-keeping processes." Cousins further asserts that Cale's testimony did not lay proper foundation because "she did not assert that she was familiar with the record-keeping practices of either Mr. Shipp or Mr. Goatley." The resolution of the underlying issue depends on the specific facts concerning the testifying probation officer's personal knowledge of the record keeping process of the reports. Such a

concern does not have "sufficient breadth, or [a] significant effect on the public as a whole, so as to satisfy the substantial public nature criterion." *Felzak v. Hruby*, 226 Ill. 2d 382, 393 (2007). Therefore, the underlying issue lacks broad public interest concern necessary to constitute an issue of public nature.

¶ 17     Moreover, under the capable-of-repetition-yet-avoiding-review exception, the respondent must show (1) the challenged action must be of a duration too short to be fully litigated prior to its cessation and (2) there must be a reasonable expectation that " 'the same complaining party would be subjected to the same action.' " *Alfred H.H.*, 233 Ill. 2d at 358 (quoting *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998)). We find no reason to expect that Cousins would be subject to another probation revocation hearing. This assertion is dependent on Cousins committing a criminal offense, being convicted, and sentenced to probation for the offense, and violating the probation imposed on the offense. See *Spencer*, 523 U.S. at 3.

> " '[W]e are … unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction.' " *Id.* at 15 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)); see *Dawson*, 2020 IL App (4th) 170872, ¶¶ 17-19.

Therefore, we find Cousins failed to satisfy any exception to the mootness doctrine. Consequently, this appeal is moot.

¶ 18                                    IV. CONCLUSION

¶ 19     Based on the foregoing reasons, we dismiss this appeal as moot.

¶ 20    Appeal dismissed.

*People v. Cousins*, 2023 IL App (1st) 230234

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McDonough County, No. 18-CF-176; the Hon. William E. Poncin, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Bryan JW McIntyre, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Matthew P. Kwacala, State's Attorney, of Macomb (Patrick Delfino, David J. Robinson, and James Ryan Williams, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |